UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDY DOE,<br>    individually and as parent and guardian of<br>    her daughter, JANE DOE, and<br>JOHN ROE,<br>    individually and as parent and guardian of<br>    his daughter, JOAN ROE,<br>        *Plaintiffs,*<br><br>        v.<br><br>WINSTON NGUYEN;<br>SAINT ANN'S SCHOOL;<br>VINCENT TOMPKINS, KENYATTE REID,<br>MELISSA KANTOR, and MAUREEN<br>YUSUF-MORALES<br>    in their individual capacities and in their<br>    capacities as officers of Saint Ann's School.<br>        *Defendants.* | Case No. 26-cv-00507 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED <u>ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)</u>**

E. DANYA PERRY PLLC
JOSHUA PERRY
VICTORIA RECALDE FELDMAN
BRITTANY HANKE
445 Park Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
jperry@danyaperrylaw.com

*Counsel for Plaintiffs*

1

Winston Nguyen solicited and disseminated child sexual abuse material from thirteen-year-old Jane Doe and Joan Roe. Saint Ann's School and the other individual Defendants protected, empowered, and abetted him. Now Jane, Joan, and their parents seek to hold Nguyen and the other Defendants accountable. But they need this Court's protection. They seek to file anonymously because the cost of justice cannot be sacrificing their privacy and exposing their greatest source of fear and anxiety.

Plaintiffs Judy Doe and John Roe, individually and on behalf of their infant daughters Jane and Joan, respectfully submit this Memorandum of Law in support of their motion to proceed anonymously.

## PRELIMINARY STATEMENT

Saint Ann's School hired Nguyen—who had a felony conviction for preying on and exploiting vulnerable individuals—as a teacher. For nearly four years, the School and its leaders promoted Nguyen and granted him increased, unsupervised access to children, ignoring countless red flags of his inappropriate behavior and propensity to manipulate and deceive. He groomed children, and they helped.

Empowered by the School, Nguyen used his position and School resources to prey on children including Jane and Joan. Posing as a teenage boy on social media, Nguyen worked his way through a network of Saint Ann's students and their friends, grooming and manipulating them into exchanging child sex abuse material. Jane and Joan were just thirteen. This abuse went on for over a year, until Jane and Joan ultimately blocked him. In retaliation, Nguyen released their explicit images to other children in the Saint Ann's community.

Jane and Joan told law enforcement, and Nguyen was convicted of a sexually motivated felony—use of a child in a sexual performance—and five counts of endangering the welfare of a

child. Throughout that prosecution, Jane and Joan went anonymously in Court. But while Nguyen sits in prison, Saint Ann's and its leaders have yet to be held accountable.

To get justice, Jane and Joan must tell their story again through this lawsuit. They do so anonymously, for fear of being permanently associated with Nguyen and airing their most private, sensitive details for public consumption. Plaintiffs have already suffered immeasurable harm and face lifelong psychological and emotional injuries as a result of Defendants' actions. If their identities are disclosed, those injuries will be needlessly compounded at a critical time in their young lives—right as they move from high school to college. To prevent further permanent damage, they seek this Court's permission to proceed with this action anonymously.

## **LEGAL STANDARD**

In determining whether to grant a plaintiff's request to proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has set forth a "non-exhaustive" list of factors that district courts should consider in balancing these interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

3

(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (cleaned up).

A district court considering a request to proceed anonymously need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4.

Here, every significant factor weighs in favor of anonymity. None cuts against it.

## **ARGUMENT**

### I. **Plaintiffs should be granted leave to proceed anonymously due to the sensitive nature of the allegations and their particular vulnerability to mental harm.**

Plaintiffs' interest in anonymity overwhelmingly outweighs any factors that may justify publicly identifying them among Nguyen's victims. The factors that weigh in favor of anonymity include the highly sensitive and personal nature of the allegations; the risk of further mental harm to Jane and Joan; the children's youth; Plaintiffs' vigilant efforts to maintain their anonymity; the public interest in encouraging reports of sexual crimes; and the lack of alternative protective measures.

#### A. **This litigation involves matters that are highly sensitive and of a personal nature.**

The first *Sealed Plaintiff* factor strongly supports anonymity. Plaintiffs' claims concern sexually motivated felonies committed against minors, involving child sex abuse material—perhaps the most sensitive and personal material there is. The Complaint divulges painful details about Jane and Joan's victimization, including the extent and nature of the child sex abuse material they shared with Nguyen. Courts in this Circuit have repeatedly recognized that victims of sexually

4

motivated offenses "are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see, e.g.*, *Montague v. Poly Prep Country Day Sch.*, No. 21-CV-04054 (MKB) (LKE), 2025 WL 1075063, at *9 (E.D.N.Y. Apr. 10, 2025) (granting anonymity to victim of sexual abuse by school football coach); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH), 2022 WL 22869548, at *3 (E.D.N.Y. June 9, 2022) (finding allegations of sexual harassment to be "highly sensitive and of an extremely personal nature"); *Does 1-4 v. Foukas*, No. 20-CV-5516-DG-SJB, 2021 WL 8892823, at *2 (E.D.N.Y. Mar. 20, 2021) (allegations of trafficking and emotional and sexual abuse implicated "similar concerns" to highly sensitive matters of sexual harassment and assault).

**B. Identifying Jane and Joan would inflict further mental harm.**

Jane and Joan have already suffered substantial harm as a result of Defendants' actions. Nguyen preyed on their deepest insecurities to get what he wanted. When they stopped cooperating, he victimized them further by sharing their most intimate images with other children. In the years since the abuse, Jane and Joan have suffered from severe psychological and emotional injuries, including depression, anxiety, and feelings of worthlessness, as well as physical manifestations of those injuries. Doe Decl. ¶ 10; Roe Decl. ¶ 10.

Naming Jane and Joan publicly would reinscribe and exacerbate their trauma and its sequalae. They already live in fear that strangers will see explicit images of them as children on the internet, and that they will forever be associated with the worst thing that has ever happened to them. Doe Decl. ¶ 11; Roe Decl. ¶ 11.

If their names are disclosed in connection with these allegations, moving on will become impossible and the harm will only compound. Publicly naming them among Nguyen's victims, and divulging the details of the explicit images they shared, will tether them to Nguyen forever.

5

They will no longer need to question if friends, colleagues, or potential romantic partners know what happened to them; it will be a matter of public record. And it is an unfortunate truth that victims of sex crimes are often blamed and shamed for the harm they suffer. Indeed, Plaintiffs have already endured stigmatization and shaming from the few peers who know of their interactions with Nguyen. If they are named in this action, they will be open to further scrutiny from peers and strangers alike—scrutiny that will cause further emotional and psychological harm. If exposed, Plaintiffs' anxiety and depression will only worsen.

Courts in this Circuit have recognized precisely this risk of harm as a factor in favor of granting anonymity, especially where, as here, plaintiffs' allegations are likely to attract public attention. In *Trooper 1 v. New York State Police*, the court noted that the inevitable public scrutiny created the potential for avoidable psychological harm:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH), 2022 WL 22869548, at *4 (E.D.N.Y. June 9, 2022) (cleaned up). *See also Montague*, 2025 WL 1075063, at *8 (plaintiff's attestation that he would suffer "severe emotional distress, mental pain and suffering, and anxiety, if compelled to publicly disclose his identity" supported claim of potentially severe harm); *United States v. Terranova*, 750 F. Supp. 3d 15, 26 (E.D.N.Y. 2024) (in the criminal context, granting anonymity for minor sex crimes victims to avoid "needless anxiety," "negative social stigma," "potential harassment," and "undue embarrassment" that would result from publicly discussing their experiences).

**C. Jane and Joan's youth makes them particularly vulnerable to the harms of disclosure.**

As minors—at the time Nguyen preyed on them and at the time this action commenced—Jane and Joan are particularly vulnerable to the harms that will come if their identities are disclosed in connection with such sensitive and personal allegations. Courts in this Circuit have repeatedly counseled that minor plaintiffs are especially deserving of anonymity. *See, e.g.*, *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2022 WL 1104750, at *6 (S.D.N.Y. Apr. 13, 2022) (protecting plaintiff's identity is "more favored where a plaintiff is particularly young and vulnerable to public scrutiny."); *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019) (plaintiff's age is a "critical factor" in determining vulnerability and "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity."); *Doe on behalf of Doe No. 1 v. Nygard*, No. 20 CIV 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020) (noting that plaintiff "is still a minor, further amplifying his right to privacy."). Jane is sixteen. Joan is seventeen. Both girls were only thirteen when Nguyen manipulated them into sharing explicit images of themselves. Sharing their names with the public now would only further victimize them, exposing their most private struggles and opening them up to scrutiny before their mental and emotional development is even complete.

**D. Jane and Joan have done everything they can to keep their identities confidential.**

Plaintiffs have taken great pains to keep their identities confidential. They have never spoken publicly about any of the Complaint's allegations. In fact, many of their close friends and family are unaware that they are among Nguyen's victims. Doe Decl. ¶ 7; Roe Decl. ¶ 7. Their identities were never disclosed in the criminal prosecution of Nguyen, nor in any media coverage of Nguyen's crimes. Both Jane and Joan participated in the Brooklyn District Attorney's criminal

7

investigation on the condition of anonymity and submitted anonymous victim impact statements at Nguyen's sentencing in March 2025. Doe Decl. ¶ 8; Roe Decl. ¶ 8.

### E. Allowing Jane and Joan to proceed anonymously serves the public interest.

The public interest also weighs in favor of anonymity. The allegations in this matter are sure to be of interest to the public, since Nguyen's crimes and Saint Ann's failings have already been the subject of significant media coverage.[1] But serving that interest does not require disclosing Plaintiffs' identities. The fact of this litigation and allegations in the Complaint are independently of interest. *See Montague*, 2025 WL 1075063, at *9 ("while the public may have an interest in the allegations against Defendant Poly Prep, a well-known high school in this district, that interest is not furthered by requiring Plaintiff Jonah to disclose his identity.").

Indeed, the public interest is better served by maintaining Plaintiffs' anonymity. As courts in this District have held, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also Doe v. Salina*, No. 23-CV-3529 (JMW), 2024 WL 1259362, at *7 (E.D.N.Y. Mar. 25, 2024) ("public interest is thwarted if disclosure would cause the plaintiffs not to pursue the action"). That is especially true since Defendant Saint Ann's School has a documented history of silencing those who try to speak out.[2] If Plaintiffs are not allowed to proceed anonymously, prospective plaintiffs with similar claims against the School will be even further discouraged from initiating any action for fear of their own identities being disclosed.

---

[1] *See, e.g.*, Caitlin Moscatello & James D. Walsh, *How did a Brooklyn Private School Fall for An Accused Predator?*, N.Y. MAGAZINE (Aug. 1, 2024), https://nymag.com/intelligencer/article/saint-anns-winston-nguyen-scandal-snapchat.html.; Katherine Rosman, *An Elite School and the Criminal It Hired to Teach Math*, N.Y. TIMES (Dec. 9, 2024), https://www.nytimes.com/2024/12/09/nyregion/saint-anns-winston-nguyen-crime.html.

[2] *See* Katherine Rosman, *Saint Ann's Protected Criminal Teacher at Students' Expense, Report Says*, N.Y. TIMES (Dec. 10, 2024), https://www.nytimes.com/2024/12/10/nyregion/st-anns-report-winston-nguyen.html.

**F. There are no alternative mechanisms for protecting Plaintiffs' identities.**

Finally, because Plaintiffs' very identities, and the fact of their connection to this matter, is the concern here, there is no alternative mechanism to protect them short of anonymity. No amount of redaction or sealing would mitigate the harm caused if their names were shared. *See Salina*, 2024 WL 1259362, at *7 (finding that only anonymity could protect the general identity of minor plaintiffs). And disclosure of any degree would inevitably "exacerbate any preexisting harm" to plaintiffs. *Montague*, 2025 WL 1075063, at *9.

**II. Plaintiffs must remain anonymous to protect the identities of their minor children.**

For all these reasons, anonymity is more than justified to protect the identities of Jane and Joan. By extension, Plaintiffs Judy Doe and John Roe must also remain anonymous to avoid identification of their infant daughters. Disclosure of the parents' identities would immediately nullify the anonymization of the minor plaintiffs, as the parents' names could easily be used to identify their children. *See, e.g.*, *Salina*, 2024 WL 1259362, at *7 ("Because the Doe Children's identities would be immediately discernable if Jane and John Doe were required to proceed by name, the interest in anonymity in this case outweighs the public interest in disclosure and the prejudice to the Defendants."); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials."); *Terranova*, 750 F. Supp. 3d at 28 (granting anonymity for minor victims' family members "to prevent the parents' identifying information from being used to identify" their children).

## CONCLUSION

For all these reasons, the Court should grant Plaintiffs' motion to proceed anonymously.

Dated: New York, New York
       January 30, 2026

By:   */s/ Joshua Perry*
      JOSHUA PERRY
      VICTORIA RECALDE FELDMAN
      BRITTANY HANKE
      E. DANYA PERRY PLLC
      445 Park Avenue, 7th Floor
      New York, New York 10022
      Telephone: (212) 213-3070
      jperry@danyaperrylaw.com

*Counsel for Plaintiffs*