

JOSHUA PERRY
Partner
212-251-2619 PHONE
jperry@danyaperrylaw.com EMAIL

March 19, 2026

VIA ECF
Hon. Seth D. Eichenholtz
Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Judy Doe, et al. v. Winston Nguyen, et al.***, No. 1:26-cv-00507-NRM-SDE

Dear Judge Eichenholtz:

I represent Plaintiffs Judy Doe and John Roe. I write to clarify Defendants' obligation to respond timely, after some Defendants bought themselves an indefinite continuance with a bait-and-switch on their proposed motion to dismiss.

Plaintiffs are the parents of two minor girls who were sexually victimized because of Defendants' negligence and worse. The Saint Ann's Defendants—the posh Brooklyn private school and its current and former leaders[1]—hired, promoted, retained, and coddled Defendant Winston Nguyen, a former teacher who solicited child sex abuse material from Plaintiffs' daughters. The girls are suffering in real time, and their parents want swift justice.

The Defendants were originally set to answer by March 12, at the latest. But, on March 2, before any District Court Judge was assigned, Defendants' counsel sought consent for a 60-day extension to the deadline to move to dismiss. The same day, I responded that their request was premature:

> We don't believe this letter is an appropriate vehicle for requesting an extension or a conference. There is nobody to rule on those requests, and we can't know the (as-yet undetermined) judge's preferred practices. Nor do we think a conference should be necessary to set a briefing schedule.
>
> Instead, we think the parties should follow the protocol set out in AO 2015-14: a letter noticing an intent to file a Rule 12 motion, followed (once a judge is assigned) by a scheduling letter or motion in compliance with the assigned judge's practices. In that context, we will certainly consent to a reasonable extension as part of a defined briefing schedule.

Ex. A at 4. I also told them that Plaintiffs could not consent to a 60-day extension: "our clients are eager to move this litigation forward." Ex. A at 3.

---

[1] All further references to "Defendants" refer to the Saint Ann's Defendants: Saint Ann's School, Melissa Kantor, Kenyatte Reid, Maureen Yusuf-Morales, and Vincent Tompkins.

Still, Defendants pressed for a stipulation on dates to file their motion to dismiss, Plaintiffs' opposition, and Defendants' reply. After some negotiation, Plaintiffs agreed to extend the deadline for Defendants to answer or otherwise move until April 30, 2026.

Then the predictable (and actually predicted) happened. When Defendants filed the stipulation and notice of their intent to move to dismiss, this Court (of course) followed the rules. It extended Defendants' time to "respond to the Complaint" to April 30, 2026—but noted that "if Defendants intend to file a motion to dismiss, they must first make a motion directed to Judge Morrison seeking a pre-motion conference consistent with Judge Morrison's individual rules." March 9, 2026 Order.

Defendants' counsel now indicates that she construes this Court's order to require her only to file her pre-motion letter by April 30, 2026. But that would push the motion well past April 30—the date to which the parties stipulated for filing. Defendants convinced Plaintiffs to give them the courtesy of an extension by promising to file by April 30, not by promising to take a preliminary step towards filing by then.

Plaintiffs consented to a stipulation that would see a motion filed by April 30. They want to move this case along. Defendants should not be allowed to violate the substance and spirit of the stipulation.

Instead, Plaintiffs respectfully ask this Court to clarify its March 9 Order by ruling that the Saint Ann's Defendants must time any preliminary steps such that any motion to dismiss will be filed, if at all, by April 30. Merely filing a request for a pre-motion conference does not satisfy Defendants' obligation to "respond to the Complaint" by April 30.

Dated: March 19, 2026

Respectfully submitted,
*/s/ Joshua Perry*
Joshua Perry
E. DANYA PERRY PLLC
445 Park Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
jperry@danyaperrylaw.com

*Counsel for Plaintiffs*

cc:     All counsel of record, by ECF