

**CARMEN A. NICOLAOU, ESQ.**
Direct: (914) 334-7787
cnicolaou@chartwelllaw.com

**Reply To: White Plains Office**
140 Grand Street, Suite 900
White Plains, New York 10601
Phone: (914) 421-7777
Facsimile: (212) 968-2400

April 23, 2026

*VIA PACER*
The Honorable Orelia E. Merchant
United States District Court for the
Eastern District of New York

Re:    Doe v. Nguyen, et al.<br>Docket No. : 1:26-cv-00507-OEM-SDE

Dear Honorable Judge Merchant:

This office represents defendants Vincent Tompkins, Kenyatte Reid, Melissa Kantor, Maureen Yusuf-Morales and Saint Ann's School (collectively "Saint Ann's") in the above referenced case. We write to request a pre-motion conference for a Rule 12(b) motion and a briefing schedule.

Saint Ann's is a private K-12 school. The individual Saint Ann's defendants are current and former employees. Co-defendant Winston Nguyen is currently serving time for perpetrating an online catfishing scheme against underage children whereby he posed as a teenaged boy to obtain intimate images. The plaintiffs are the parents of two of Nguyen's victims who were not Saint Ann's students. The gravamen of the complaint (PACER Doc. # 1) as against Saint Ann's is that Nguyen would not have been able to victimize the plaintiffs' children had he not worked at Saint Ann's.

Saint Ann's requests this court's permission to move, pursuant to Federal Rule 12(b), to dismiss each cause of action[1] against it for the reasons that follow and additional grounds, as may be identified during preparation of the motion.

**Negligent "Hiring and Promotion" Claim (6th Cause of Action)**
The plaintiffs allege that Saint Ann's knew Nguyen "had been convicted of abusing a caretaker position to manipulate and defraud vulnerable clients"[2] when he was hired. (Compl. At ¶ 2). This allegation does not satisfy the "knowledge" element of such a negligent hiring claim. Specifically, the prior misconduct alleged is not of the type that would, or could, have given Saint Ann's notice of the sexual misconduct against minors in which Nguyen ultimately engaged. *Doe v. Alsaud*, 12 F.Supp.3d 674, 681 (Sweet, J., U.S.D.J., S.D.N.Y., April 3, 2014) (holding that in order to sustain a claim for negligent hiring and retention, the employer is required to have knowledge of comparable prior misconduct where "[t]he prior misconduct … must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient.")

Further, the plaintiffs allege that the school allowed Nguyen to stay on at the school and promoted him despite knowledge that Nguyen violated school rules during his tenure, including by accessing

---

[1]The first five causes of action are asserted only against co-defendant Ngyuen.
[2]For purposes of this pre-motion letter Saint Ann's accepts the facts pled in the complaint as true.

students' online profiles. (Compl. ¶ 52). Even if Nguyen's violations of school policies had been known, the violations alleged are not of the type that could reasonably lead one to foresee the catfishing conduct that led to the injuries at issue. Consequently, they cannot support the plaintiffs' liability theories. *Id.*

## Negligent Supervision and Retention Claim (7th Cause of Action)

Although broken out into separate causes of action, the claims sounding in "negligent hiring and promotion" and those sounding in "negligent supervision and retention" are, "substantially identical" and must be dismissed even if "plaintiff uses slightly different language in each." *PC-41 Doe v. Poly Prep Country Day School*, 590 F.Supp.3d 551, 571 (Gujarati, U.S.D.J., E.D.N.Y., September 22, 2021).

In any event, this cause of action is subject to dismissal on the same grounds as the negligent hiring claim: the school is not alleged to have had the requisite notice necessary to render it liable for Nguyen's wrongful conduct. *Doe*, 12 F.Supp.3d at 681.

## Negligent Entrustment (8th Cause of Action)

This claim is duplicative of the prior two in that the chattels that are alleged to have been entrusted to Nguyen are merely the tools of his employment. Consequently, this claim is "substantially identical" to the others and subject to dismissal. *PC-41 Doe*, 590 F.Supp.3d at 571.

The plaintiffs allege that Nguyen used the school's student directory and computers as a gateway to reaching children for catfishing. (Compl. ¶ 58). The plaintiffs claim that some of these activities took place during school hours and using the school's internet. (Compl. ¶ 73). Even if true, it would not support a negligent entrustment claim. *Haybeck v. Prodigy Services Co.*, 944 F.Supp. 326, 327 (Sotomayor, S., U.S.D.J., S.D.N.Y. November 12, 1996).

In *Haybeck* the employee's role was to interact with customers in chat rooms using the employer's computers. The *Haybeck* employee went on to meet the customers in person to engage in sexual activity with them and failed to disclose his HIV-positive status, a tort under New York law. When the employer was sued, Judge Sotomayor concluded that the tort (the employee's failure to disclose his HIV status) was not committed with the employer's chattels – even if the chattels were used as a gateway. The same conclusion must follow here. Even if it were true that Nguyen made contact with his victims using school chattel, there is no allegation that Nguyen used the school's computers to commit his tort, extorting sexually explicit photos from his victims.

Even if Nguyen had used school property to engage in the illicit conduct, that could not support liability absent knowledge of prior conduct of the relevant type. *Doe v. Alsaud*, 12 F.Supp.3d at 681. Absent such notice, providing Nguyen, or any employee, with the tools of their job – computers and internet access included – cannot support a liability finding. *Finkel v. Dauber*, 29 Misc.3d 325, 330 (Marber, R., J.S.C., N.Y. Sup. Ct., Nassau Co., July 22, 2010) (holding, in a case involving claims of parents' negligent entrustment of devices to teenagers who misused them, that "[t]o declare a computer a dangerous instrument in the hands of teenagers in an age of ubiquitous computer ownership would create an exception [to the rule against parental liability absent a foreseeable, particular danger] that would engulf the rule against parental liability.")

## Vicarious Liability/ Respondeat-Superior Liability (9th Cause of Action)

It is hornbook law that a claim sounds either in negligent hiring and retention or vicarious liability – but not both. *Ahluwalia v. St. George's Univ.*, 626 Fed.Appx. 297, 299 (2d Cir. 2015) (unpublished) (dismissing the negligent hiring claim because it cannot be maintained

simultaneously with the vicarious liability claim, where the employee was acting within the scope of their employment at the time of the challenged conduct) (citation omitted).

The nature of the allegations also mandates dismissal of this claim because Nguyen was not acting within the scope of his employment. *In re R.C. Diocese of Rockville Ctr., New York*, 651 B.R. 146, 161 (Glenn, U.S.B.J., Bankr. S.D.N.Y. May 1, 2023) (holding that "Courts have uniformly rejected vicarious liability claims from plaintiffs in sexual abuse cases on the grounds that sexual assault is wholly personal and not in furtherance of an employer's business") (internal quotation marks and citation omitted).

## Negligent Infliction of Emotional Distress Claim
A negligent infliction of emotional distress claim must be dismissed as duplicative where other negligence causes of action are asserted. *PC-41 Doe v. Poly Prep Country Day School*, 590 F.Supp.3d at 571-72 (holding that " courts have dismissed [negligent infliction of emotional distress] and premises liability claims relating to sexual assault as duplicative of negligence and negligent hiring, retention, and supervision claims when confronted with similar allegations outside of the CVA context") (citations omitted). As such, this claim must be dismissed.

## Punitive Damages
Saint Ann's alleged conduct does not warrant the imposition of punitive damages. *Redd v. Brooklyn Friends School*, 238 A.D.3d 1181, 1185 (2d Dep't 2025) (holding that, in a case involving claims of negligent hiring and retention of a teacher in a CVA case, the punitive damages claim would be dismissed because "[p]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" which the claims did not entail) (citations omitted).

## The Individual Saint Ann Defendants are Entitled to Dismissal
The complaint fails to articulate sufficient detail about each individual's alleged conduct such as could support their liability. *State of N.Y. v. Shore Realty Corp.*, 759 F.2d 1032, 1052 (2d Cir. 1985) (holding that individual liability attaches to corporate wrongdoing where the individual defendant "specifically directs, sanctions, and actively participates in [the alleged tort].")

## The Plaintiffs are Improperly Identified
In addition, the complaint does not (though it should) identify the children as parties to this suit and instead lists only the parents (including in their capacity as guardians) as such.

## CONCLUSION

In the light of the above, we respectfully request leave to file a motion to dismiss.

Very truly yours,

**CHARTWELL LAW**

By: _____
        **CARMEN A. NICOLAOU, ESQ.**

CAN/jcs

cc:     All parties via PACER

3