
April 29, 2026

<u>VIA ECF</u>

The Honorable Orelia E. Merchant
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, NY 11201

      **Re:**    *Judy Doe, et al. v. Winston Nguyen, et al.*, 1:26-cv-00507-OEM-SDE

Dear Judge Merchant,

Defendants' proposed motion to dismiss, ECF 20, will not meaningfully narrow the issues, much less dispose of this case. The case should move directly to discovery. Any briefing schedule should be expedited, with the shortest reasonable delays.

Plaintiffs are the parents and legal guardians of Jane and Joan, children who were sexually abused by Winston Nguyen. The moving Defendants are Saint Ann's School and its leaders, who hired, promoted, retained, coddled, and protected Nguyen despite knowing of his felony conviction for endangering vulnerable people in his care, his violations of school policies meant to protect children, and his years-long pattern of grooming teenagers.

None of this is speculative. The torts of the School and its leaders are documented in an internal report by a white-shoe law firm, appended to our Complaint. ECF 1. The damages suffered by Jane and Joan are documented in the victim statements they gave at Nguyen's sentencing.

To streamline: if it obviates the need for time-wasting motions practice, Plaintiffs will voluntarily dismiss their vicarious liability claim. But, for avoidance of doubt, none of Defendants' arguments has any merit.

### *The negligence claims are not duplicative.*

The negligence counts are not duplicative because they are based on distinct facts. *Concepcion v. United States,* 23-CV-9219 (NGG) (TAM), 2025 WL 2638469, at *5 (E.D.N.Y. Sep. 12, 2025). Count six alleges negligent hiring and promotion based on the School's knowledge at or before the time of Nguyen's hiring. Count seven, negligent supervision and retention, is based on the School's knowledge of Nguyen's conduct after he was hired. Count eight, negligent entrustment, challenges Defendants' separate decision to grant Nguyen access to specific chattel—like keys, computers, and student contact information—that he predictably used to identify, contact, and exploit victims. Count ten, negligent infliction of emotional distress, is based on Defendants' conduct after the dissemination of child sexual abuse materials—their failure to protect identifiable victims from foreseeable emotional harm by intervening, mitigating dissemination, and alerting appropriate authorities. *See Farrell v. U.S. Olympic & Paralympic Comm.*, 567 F. Supp. 3d 378,

389 (N.D.N.Y. 2021) (denying motion to dismiss an NIED claim as duplicative where negligence claim addressed failure to prevent grooming and abuse, and NIED claim targeted defendant's disregard of the resulting emotional harm).

### *Defendants are liable for negligent hiring, promotion, supervision, and retention.*

The Complaint pleads more than sufficient facts to show that Defendants were on notice of Nguyen's dangerous propensities, both at hiring and over the next two years. Defendants' own case shows it. Defendants rely on *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551 (E.D.N.Y. 2021). But there, Judge Gujarati refused to dismiss negligent hiring, retention, and supervision counts on allegations thinner than those pled here.

The Complaint pleads that parents, teachers, and students repeatedly complained that Nguyen was crossing clear boundaries and grooming students. He stayed overnight at the school, isolated students in private rooms he controlled, visited students' homes to give gifts, took them off campus for meals, and violated the School's social media policies. That mirrors the fact pattern in *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 398 (E.D.N.Y. 2005). There, the court denied summary judgment on plaintiff's negligent retention claim where the school had notice that the teacher gave gifts, called students at home, and sought unsupervised access to them, yet retained and failed to supervise him.

As to Nguyen's prior conviction and the negligent hiring claim: "[a]n employer may be liable for negligent hiring when it knew or should have known of the employee's propensity to commit injury even if the injury committed was not identical to the prior injury." *Sandoval v. Leake & Watts Servs., Inc.*, 192 A.D.3d 91, 99 (1st Dep't 2020). In *T.W. v. City of New York*, the court held that an employer's knowledge of an employee's prior convictions for robbery, assault, theft, burglary, and drug offenses established foreseeability of risk to children, supporting liability for the employee's later sexual assault of a child. 286 A.D.2d 243, 244 (1st Dep't 2001). So too here: Nguyen's convictions for exploiting and endangering vulnerable individuals in his care put Defendants on notice that he posed a risk of abusing positions of trust to harm those under his authority. The harm he inflicted on Plaintiffs was foreseeable even if it was not identical.

### *Defendants are liable for negligent entrustment.*

Defendants knew the risk of entrusting Nguyen with school chattels. For instance: it gave him computers even after it knew he had violated the School's social media policy. He then used those chattels to abuse Joan and Jane. The School knew about all that, so it was on notice of Nguyen's "propensity to use the chattel in an improper or dangerous fashion." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 237 (2001).

Defendants rely on inapposite authority. In *Haybeck*, then-Judge Sotomayor dismissed because "the conduct complained of, whether it is the act of sex or [the employee's] failure to disclose his HIV status, unquestionably took place outside the employer's premises and without the employer's chattels." *Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 330 (S.D.N.Y. 1996). Our Complaint pleads the opposite: "Nguyen disseminated this child sexual abuse material from the School's campus; to a network of School students whose contact information had been entrusted to him by the School; during School hours; while actively on the job as a School teacher; and using School

2

internet facilities, resources, and access privileges." Compl. ¶ 73.

### *Plaintiffs properly plead alternative theories of liability.*

Defendants incorrectly argue that the vicarious liability and other negligence claims cannot survive a motion to dismiss. But of course Plaintiffs can plead alternative theories of liability. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically…"); *see Ranta v. City of New York*, 481 F. Supp. 3d 115, 121 (E.D.N.Y. 2020) (declining to dismiss negligent hiring claim where scope of employment determination required further factual development).

### *The Complaint properly pleads individual liability.*

Under the standard articulated by Defendants' own case law, the School Leaders are liable because they "specifically direct[ed], sanction[ed], and actively participate[ed]" in torts. *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1052 (2d Cir. 1985). Among many other things: Yusuf-Morales recommended hiring Nguyen and knowingly misrepresented his record; Tompkins hired Nguyen and conspired with Kantor to conceal his history while shopping him to department heads; and Reid was the ultimate decisionmaker who promoted and retained Nguyen.

### *Defendants face punitive damages.*

The Complaint properly pleads facts supporting an award of punitive damages. Defendants actively covered up Nguyen's known misconduct by intimidating and retaliating against parents, teachers, and students who raised concerns. That conduct warrants punitive damages. *See, e.g.*, *C.R. v. Episcopal Diocese of N.Y.*, 243 N.Y.S.3d 348, 357–58 (1st Dep't 2025) (sustaining punitive damages where defendants retained an abuser with access to children despite notice, and concealed the misconduct).

### *Plaintiffs can sue on behalf of their minor children.*

Parents may sue on behalf of their minor children, since the children cannot sue on their own behalf. Fed. R. Civ. P. 17(c)(1)(A); *J.R. v. N.Y. City Dep't of Educ.*, No. 14 CIV. 0392 ILG RML, 2015 WL 5007918, at *1 n.1 (E.D.N.Y. Aug. 20, 2015).

Dated: April 29, 2026

Respectfully submitted,

Joshua Perry
E. DANYA PERRY PLLC
445 Park Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
jperry@danyaperrylaw.com

*Counsel for Plaintiffs*

cc: All counsel of record, via ECF