

JOSHUA PERRY
Partner
212-251-2619 PHONE
jperry@danyaperrylaw.com EMAIL

July 1, 2026

<u>VIA ECF</u>

Hon. Seth D. Eichenholtz
Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 324N
Brooklyn, NY 11201

**Re:** ***Judy Doe, et al. v. Winston Nguyen, et al.*, 1:26-cv-00507-OEM-SDE**

Dear Judge Eichenholtz,

The parties jointly request that Joan Roe be substituted for her father, John Roe, as a plaintiff pursuant to Fed. R. Civ. P. 17(a)(3). *See* Ex. A (joint stipulation regarding substitution).

Joan Roe, who was a minor when this action was filed, turned eighteen on ███████, 2026. As the real party in interest, she now seeks to pursue her claims in her own right. Substitution here is a mere formality and is therefore warranted. "In this Circuit, Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018) (internal citations omitted) (supporting decision to substitute because doing so "would alter none of the factual allegations of the complaint," and there was no evidence of bad faith); *see also Elisa W. v. City of New York*, 15-CIV-5273 (JAV) (SLC), 2025 WL 1479191, at *4 (S.D.N.Y. May 22, 2025) (granting substitution under Rule 17(a)(3) where "[t]he substitution requested here is a formality because Alexandria R. and Emmanuel S. reached the age of majority. This proposed amendment does not alter the substance of these plaintiffs' factual allegations.") (internal citations omitted); *Scarpellino v. Freeman*, 3:22-CV-1130 (CSH), 2025 WL 904471, at *1 (D. Conn. Mar. 25, 2025) (denying motion to dismiss on standing grounds where previously minor plaintiff, who had since reached the age of majority, could be substituted for parent under Rule 17(a)).

John Roe initiated this action on his daughter's behalf because Joan Roe was a minor at the time. Fed. R. Civ. P. 17(c)(1)(A); *J.R. v. N.Y. City Dep't of Educ.*, 14-CIV-0392 (ILG) (RML), 2015 WL 5007918, at *1 n.1 (E.D.N.Y. Aug. 20, 2015). She has now reached the age of majority, and is able to proceed in her own right. Substitution would not change any of the factual allegations, nor would any unfairness to Defendants result. Finally, there is no indicia of bad faith, as Joan Roe turned eighteen ████████████. Ex. B (Decl. of Joan Roe); *see also* Fed. R. Civ. P. 17(a)(3) (noting that a "reasonable time" must be allowed for "the real party in interest to ratify, join, or be substituted into the action.").

cc: All counsel of record, via ECF

Respectfully submitted,

Joshua Perry
E. DANYA PERRY PLLC
445 Park Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
jperry@danyaperrylaw.com

*Counsel for Plaintiffs*