UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

JUDY DOE,                                   :

     individually and as parent and guardian of her    :

     daughter, JANE DOE, and                   :                 Docket No.

JOHN ROE,                                 :      26-cv-00507 (OEM)(SDE)

     individually and as parent and guardian of his    :

     daughter, JOAN ROE,                     :

                           Plaintiffs,    :

- against -                                 :

                                  :

WINSTON NGUYEN;                     :

SAINT ANN'S SCHOOL;                :

VINCENT TOMPKINS, KENYATTE REID,    :

MELISSA KANTOR, and                :

MAUREEN YUSUF-MORALES           :

     in their individual capacities and in their     :

     capacities as officers of Saint Ann's School.   :

                                  :

                          Defendants.   :

------------------------------------------------------------------------ X

---

### Memorandum of Law in Support of the Saint Ann Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint

---

Respectfully Submitted,

By:     CHARTWELL LAW
        Carmen A. Nicolaou, Esq.
        Haylei P. Peart, Esq.
        *Attorneys for Defendants*
        *Vincent Tompkins, Kenyatte Reid,*
        *Melissa Kantor, Maureen Yusuf-Morales*
        *and Saint Ann's School*
        140 Grand Street, Suite 900
        White Plains, New York 10601
        Tel.: (914) 421-7777
        Fax: (212) 968-2400
        File No.: 17154.170
        cnicolaou@chartwelllaw.com
        hpeart@chartwelllaw.com

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

PROCEDURAL HISTORY............................................................................................. 2

RELEVANT FACTS ....................................................................................................... 2

    Who's Who ............................................................................................................ 2

        i.      The Plaintiffs......................................................................... 2

        ii.     Co-Defendant Winston Nguyen........................................... 3

        iii.    Saint Ann's School .............................................................. 3

        iv.    Vincent Tompkins................................................................ 3

        v.      Kenyatte Reid....................................................................... 3

        vi.    Melissa Kantor .................................................................... 4

        vii.   Maureen Yusuf-Morales ..................................................... 4

    Nguyen's Hiring and Tenure at the School............................................................ 4

    Nguyen's Conduct at Issue .................................................................................... 5

    The Claims against the Saint Ann's Defendants.................................................... 6

LEGAL STANDARDS ................................................................................................... 6

    Rule 12(b)(6)......................................................................................................... 6

ARGUMENT.................................................................................................................... 7

    I.      Nguyen's Conduct was not Foreseeable, Mandating Dismissal of the
           Negligent Employment Claims............................................................... 7

           Foreseeability is a Necessary Element................................................... 7

           Sexual Misconduct Requires Notice of the Same Type of Prior Act .... 7

           The Foreseeability Requirement Here is Narrower than in Ordinary
                 Negligence .......................................................................... 10

Nguyen's Past Crimes and Behaviors Were Not of the Same Type as His Conduct at Issue ................................................................................ 11

II.     The Absence of any Nexus between the School and Jane and Joan Also Mandates Dismissal ............................................................................... 13

III.    The Individually Named Saint Ann Defendants Lack Individual Liability.......... 14

IV.    The Negligent Entrustment Claim is Not Viable ................................................. 15

V.     The Negligent Infliction of Emotional Distress Claim is Not Viable.................. 17

VI.    Most of the Plaintiffs' Causes of Action as to the Saint Ann's Defendants are Duplicative ................................................................................... 18

The Negligent Employment Claims Repeat ........................................... 18

The Negligent Entrustment Claim is Redundant ................................... 19

The Negligent Infliction of Emotional Distress Claim is Also Superfluous ........ 20

VII.   The Parent Plaintiffs' Individual Claims Must be Dismissed.............................. 20

VIII.   The Punitive Damages Claims are Unsustainable ............................................. 21

CONCLUSION.......................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 6

*Banks v. Yokemick,*
  177 F.Supp.2d 239 (S.D.N.Y. 2001) ..................................................................... 15

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................... 6

*C.Q. v. Estate of Rockefeller,*
  20-CV-2205 (VSB), 2021 WL 4942802 (S.D.N.Y., Oct. 21, 2021) ........ 8, 9, 10, 11, 12, 18, 20

*Curley v. AMR Corp.,*
  153 F.3d 5 (2d Cir. 1998) ..................................................................................... 21

*D'Amico v. Christie,*
  71 N.Y.2d 76 (1987) ............................................................................................. 15

*Doe v. Alsaud,*
  12 F.Supp.3d 674 (S.D.N.Y. 2014) ............................................... 7, 9, 11, 12, 19

*Doe v. City of N.Y.,*
  09-cv-09895(SAS), 2013 WL 796014 (S.D.N.Y. Mar. 4, 2013), *aff'd* 558 F.App'x 75
  (2d Cir. 2014) ..................................................................................................... 8, 9

*Doe v. Hauppauge Union Free School Dist.,*
  213 A.D.3d 809 (2d Dep't 2023) ..................................................................... 13, 14

*Doe v. Indyke,*
  465 F.Supp.3d 452 (S.D.N.Y. 2020) ...................................................................... 7

*Doe v. Poly Prep Country Day School,*
  20-cv-04718(DGPK), 2022 WL 4586237 (E.D.N.Y., Sept. 29, 2022) ............... 12, 20

*Doe v. Tripodi,*
  22-cv-07773(OEM)(RML), 2026 WL 1078110 (E.D.N.Y. Apr. 21, 2026) ............ 6

*Ehrens v. Lutheran Church,*
  385 F.3d 232 (2d Cir. 2004) ................................................................................. 14

*Erie Railroad Co. v. Tompkins,*
  304 U.S. 64 (1938) ................................................................................................. 7

*Farrell v. Maiello*,
38 A.D.3d 592 (2d Dep't 2007) ................................................................................ 13

*Finkel v. Dauber*,
29 Misc. 3d 325, 330 (Marber, R., J.S.C., N.Y. Sup. Ct., Nassau Co., July 22, 2010) ............ 16

*Greenwood v. Am. Kennel Club*,
23-cv-10516(GHW), 2026 WL 1113381 (S.D.N.Y., Apr. 24, 2026) ................................... 12

*Hamilton v. Beretta U.S.A. Corp.*,
96 N.Y.2d 222 (2001), *op. after certified question answered*, 264 F.3d 21 (2d Cir.
2001) ....................................................................................................................... 16

*Haybeck v. Prodigy Services Co.*,
944 F.Supp. 326 (S.D.N.Y., 1996) ...................................................................... 16, 17

*JG & PG ex rel. JGIII v. Card*,
08-cv-5668 (KMW), 2009 WL 2986640 (S.D.N.Y., Sept. 17, 2009) .................................. 21

*Johnson v. Jamaica Hosp.*,
62 N.Y.2d 523 (1984) ................................................................................................ 18

*LaFrantz v. St. Mary's Roman Cath. Church*,
2024 WL 216718 (E.D.N.Y. Jan. 19, 2024) .................................................................. 9

*Lawrence K. v. Westchester Day Sch.*,
196 A.D.3d 637 (2d Dep't 2021) ................................................................................ 20

*Lee v. Albarran*,
23-cv-11215 (NSR), 2026 WL 686156 (S.D.N.Y., Mar. 11, 2026) ..................... 7, 8, 9, 12, 18

*Mitchell v. Am. Arb. Ass'n*,
17-cv-8566 (PAE), 2018 WL 10419732 (S.D.N.Y., May 17, 2018) .................................... 18

*Mortise v. United States*,
102 F.3d 693 (2d Cir. 1996) ................................................................................ 17, 18

*Ningbo Yang Voyage Textiles Co. v. Sault Trading*,
18-cv-1961 (ARR), 2019 WL 5399973 (E.D.N.Y. Sept. 10, 2019) .................................... 18

*Patterson v. Xerox Corp.*,
732 F.Supp.2d 181 (W.D.N.Y. 2010) .......................................................................... 15

*R. v. R.*,
37 A.D.3d 577 (2d Dep't 2007) ................................................................................ 13

*Redd v. Brooklyn Friends School*,
238 A.D.3d 1181 (2d Dep't 2025) .............................................................................. 22

*Roe v. Domestic & Foreign Missionary Soc'y of the Prot. Episcopal Church*,
  198 A.D.3d 698 (2d Dep't 2021)........................................................................ 13, 14

*Rothstein v. UBS AG*,
  708 F.3d 82 (2d Cir. 2013) ........................................................................................ 6

*Stapon v. Riverhead Cent. Sch. Dist.*,
  19-cv-4708 (WFK)(LGD), 2025 WL 2938604 (E.D.N.Y., September 15, 2021) ................... 15

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................. 1, 6

## PRELIMINARY STATEMENT

Defendants Vincent Tompkins, Kenyatte Reid, Melissa Kantor, Maureen Yusuf-Morales (the "Individual Defendants" and Saint Ann's School (collectively, "the Saint Ann Defendants"), move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), in lieu of an answer, for those reasons set forth below.

The plaintiffs' claims are predicated on the assumption that the Saint Ann Defendants could have, and should have, foreseen Winston Nguyen's deceptive and sexually predatory acts he was hired and retained at the school. Such foreseeability cannot be imputed to the Saint Ann Defendants as neither Nguyen's history (which was known to have included a prior felony conviction for a financial crime unrelated to any sexual act or misconduct or any act involving children) nor his behavior at the school during the course of his employment foretold he would pose as a 16-year-old boy and solicit sexually explicit photographs from children online.

Even if the negligent hiring claims were sustained at this stage of the proceedings, the multiple iterations in the complaint must be reduced to a single cause of action sounding in "negligent hiring and retention". As written, plaintiffs' current causes of action for negligent "hiring and promotion" and "supervision and retention" and "entrustment" and "negligent infliction of emotional distress" must be reduced to a single cause of action for Negligent Hiring and Retention as they are merely variations on this single theme.

Further, the plaintiffs' causes of action against the Individual Defendants are unsustainable since they were not Nguyen's employer and therefore cannot be subject to liability predicated on an employer-employee relationship, and because they owed no duty to the Plaintiffs' children who were not students at Saint Ann's.

Should any cause of action survive this motion to dismiss, the claim for punitive damages still must be dismissed since, as a matter of law, the plaintiffs' allegations against the Saint Ann

defendants do not rise to the level where such damages could be warranted.

## PROCEDURAL HISTORY

The plaintiffs filed suit on January 29, 2026 (Compl.), alleging 10 causes of action. The first 5 are directed at Nguyen and include federal statutory claims. (Compl. ¶¶ 88-121). The 6th cause of action for negligent hiring and promotion is pled as against Saint Ann's School and individual defendants Tompkins, Kantor and Yusuf-Morales (but not Reid who came to the school after Nguyen). (Compl. ¶¶ 112-121). The remaining causes of action are directed to all Saint Ann defendants. (Compl. ¶¶ 122-166). On May 13, 2026, the plaintiffs withdrew the vicarious liability cause of action. (PACER Doc. # 24). The remaining causes of action are addressed in the pages that follow. On April 30, 2026, this Court directed that the motion to dismiss be served by June 1, 2026 and that it be filed once it was fully briefed[1].

## RELEVANT FACTS

The facts summarized herein are those alleged in the Complaint[2], without any admission of their accuracy.

*Who's Who*

     i.   *The Plaintiffs*

Plaintiffs Judy Doe and John Roe bring this action individually and as the respective parents and guardians of Jane Doe and Joan Roe. (Compl.). Jane Doe ("Jane") and Joan Roe ("Joan") were thirteen years old at the time of the alleged conduct and, though they lived in Brooklyn at the time, were not students at Saint Ann's School. (Compl. ¶¶ 19-20).

---

[1] Plaintiff's Opposition Papers are presently due on July 1, 2026, with reply papers due on July 15, 2026.
[2] The "report" referenced in the Complaint appears to have been inadvertently omitted from the plaintiffs' filing but is attached here, as Exhibit A, for this Court's convenience. Since the plaintiffs have incorporated the report into their complaint, the Saint Ann Defendants are recounting the facts it contains pursuant to Rule 12(b)(6)'s requirement that plaintiffs' allegations be accepted as true for purposes of a motion to dismiss. The Saint Ann defendants reserve the right to challenge each aspect of the Report along with the Complaint should this litigation proceed past the current application.

Defendant Winston Nguyen was employed[3] at Saint Ann's School from August 2020 through the Spring of 2024. (Compl. ¶ 12; Report p. 11-15). The plaintiffs allege that Nguyen engaged in a catfishing scheme posing as a sixteen-year-old boy on Snapchat under the pseudonym "HunterKristoff", "friending" and ultimately soliciting explicit sexual images and videos from Jane and Joan and then disseminating those images on the internet. (Compl. ¶¶ 12, 59, 66-73). Prior to being hired at Saint Ann's, Nguyen was convicted of grand larceny in the second degree, scheme to defraud in the first degree, and endangering the welfare of an incompetent or physically disabled person in the first degree. (Compl. ¶ 28).

*iii.     Saint Ann's School*

Saint Ann's School is a private school in Brooklyn. (Compl. ¶ 13).

*iv.     Vincent Tompkins*

Vincent Tompkins served as Head of School at Saint Ann's and a member of the Board of Trustees from July 2010 to September 2022. (Compl. ¶ 14). As it relates to Nguyen's tenure at the school, Plaintiffs' claims against Tompkins arise from the fact that, as Head of School, he was the person who gave final authorization to hire Nguyen and was principal during a portion of Nguyen's employment. (Compl. ¶¶ 14, 117-121, 127, 144).

*v.     Kenyatte Reid*

Kenyatte Reid was announced as Head of School in October 2022 and has served in this capacity and as member of the Board of Trustees since August 2023. (Compl. ¶ 15). As it relates to Nguyen's time at the school, Reid is alleged to have been involved with Nguyen's retention and promotion after taking over from Tompkins. (Compl. ¶¶ 15, 127, 144).

---

[3] Nguyen served as a Special Assistant to the Administrative Team for Covid Related Projects, a classroom assistant, a tutor and eventually, a math teacher. (Report p. 11-15).

*vi. Melissa Kantor*

Melissa Kantor served as Dean of Faculty when Nguyen was hired and is alleged to have done the legwork in connection with his hiring and retention. (Compl. ¶¶ 16, 117-121, 127, 144). She is alleged to have been Nguyen's supervisor from September 2020 to the Spring of 2022. (Report p. 11-12).

*vii. Maureen Yusuf-Morales*

Maureen Yusuf-Morales, the then Head of Saint Ann's Upper Middle School, referred Nguyen to the school. (Compl. ¶¶ 17, 117-121, 127, 144). She is also alleged to have been Nguyen's supervisor beginning in 2022. (Report p. 18).

*Nguyen's Hiring and Tenure at the School*

In the "Covid-summer" of 2020, Saint Ann's School was looking for employees to assist with the new hybrid instruction model. On August 6, 2020, Yusuf-Morales recommended Nguyen for the role. (Compl. ¶ 27). Yusuf-Morales was aware of Nguyen's prior conviction and told the school that Nguyen had been convicted of a "financial" crime that had "nothing to do with children" and that he was rehabilitated. (Compl. ¶¶ 27-28, Report p. 9).

Following Yusuf-Morales's referral, Kantor arranged for Nguyen to be interviewed and for his references (one from Nguyen's public defender and another from the reverend of his church) to be checked. (Report p. 9). Ultimately, Kantor sought Tompkins' authorization to hire Nguyen, again describing his criminal history as being for a "financial" crime that had "nothing to do with children." (Compl. ¶ 28; Report p. 8-9). Tompkins approved Nguyen's hire. (Compl. ¶ 26-34). Nguyen was hired as a classroom assistant and began work at the school on August 24, 2020. (Compl. ¶ 29; Report p. 1). Saint Ann's School first became aware of Nguyen's conviction for endangering the welfare of a vulnerable person on September 3, 2020, after receiving the results of Nguyen's background check. (Compl. ¶¶ 28, 34, Report p. 10).

4

Nguyen tutored students, took on roles in connection with extracurricular activities like the school newspaper and a student club, and was eventually given a teaching position. (Compl. ¶¶ 39-40). Nguyen is alleged to have given Saint Ann's students snacks, candy and gifts and offered them "hangout" spaces in the school. (Compl. ¶ 41). He is alleged to have contacted studies on social media and by text message and to have visited them at home. (Compl. ¶¶ 43-44, 47).

Plaintiffs allege that, Saint Ann's discovered Nguyen had created and led a "pre-season math" program that had not been authorized in August 2023 when Nguyen emailed students to offer another year of the program. (Compl. ¶ 47; Report p. 3, 20-21). Following the discovery of the math program, Saint Ann's – now under Reid's leadership – removed Nguyen from his administrative duties and placed him on a performance improvement plan ("PIP") for the 2023-2024 school year. (Report p. 22). In early 2024, Saint Ann's informed Nguyen that his contract would not be renewed for the next school year. (Report p. 22).

*Nguyen's Conduct at Issue*

Nguyen launched his catfishing scheme in the Fall of 2022. Posing as a 16-year-old boy on Snapchat under the handle "HunterKristoff", Nguyenn added minors, including Jane and Joan, to his Snapchat network. (Compl. ¶¶ 59-61). Plaintiffs allege that Nguyen used the school's student information directory to connect with Jane and Judy, using his online alias. (Compl. ¶¶ 58-62).

Plaintiffs allege that Nguyen solicited sexually explicate images and videos from Jane and Joan and sent the minor-plaintiffs explicit content of an unknown underage boy or himself, using his fake persona. (Compl. ¶¶ 66-68). Joan and Jane blocked Nguyen's "HunterKristoff" Snapchat in July 2023 and October 2024. (Compl. ¶ 70). The plaintiffs allege that Nguyen retaliated in January and February 2024 by circulating the explicit material he received from Joan and Jane to their peer group online. (Compl. ¶ 71-73).

*The Claims against the Saint Ann's Defendants*

As to the school generally, and unrelated to Nguyen's time there, the plaintiffs claim that the school had in the past employed other faculty members engaged in misconduct or boundary violations. (Compl. ¶ 22). Plaintiffs allege that the school and its leaders failed to properly vet Nguyen and failed to appreciate the significance of his criminal history when he was hired in 2020. (Compl. ¶ 29-32). The plaintiffs also allege that the school enabled Nguyen's predatory conduct toward students by keeping him in student-facing roles and that the school failed to protect its students from his conduct. (Compl. ¶ 3, 129). Jane and Joan, of course, do not fall within this category, since they did not attend Saint Ann's.

## <u>LEGAL STANDARDS</u>

*Rule 12(b)(6)*

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To overcome such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. "In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Doe v. Tripodi*, 22-cv-07773(OEM)(RML), 2026 WL 1078110, *3, (E.D.N.Y. Apr. 21, 2026), quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

All of the plaintiffs' claims against the Saint Ann's defendants arise under state law. As such, New York state law governs the substantive assessment of these claims. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

## **ARGUMENT**

### I. **Nguyen's Conduct Was Not Foreseeable, Mandating Dismissal of the Negligent Employment Claims**

*Foreseeability is a Necessary Element*

The plaintiffs' claims for negligent hiring, promotion, supervision and retention each turn, among other factors, on the foreseeability of Nguyen's conduct as measured against his prior wrongful acts. *Lee v. Albarran*, 23-cv-11215 (NSR), 2026 WL 686156, at *8 (S.D.N.Y., Mar. 11, 2026) (holding that a complaint sufficiently pleads New York state claims for negligent hiring, retention and supervision where it "plausibly allege[s]: (1) the existence of an employment relationship; (2) that Defendants knew or should have known of the employee's propensity for the conduct that caused the injury; and (3) a causal nexus between the negligent supervision and the injury"), citing *Doe v. Indyke*, 465 F.Supp.3d 452 (S.D.N.Y. 2020). Further, "[t]he prior misconduct… must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient." *Doe v. Alsaud*, 12 F.Supp.3d 674, 681-83 (S.D.N.Y. 2014) (holding that even where the employer had previously reprimanded an employee for sexually harassing conduct, that prior behavior "did not establish [the employee's] propensity to commit sexual assault.")

*Sexual Misconduct Requires Notice of the Same Type of Prior Act*

Here, these principles mean that the plaintiffs' employment-related theories are sustainable only if the school could have foreseen Nguyen's conduct (posing as a 16-year-old online and soliciting sexually explicit images from minors) based on knowledge of prior conduct of a similar

type by Nguyen. The allegations here do not come close to establishing such notice. *C.Q. v. Estate of Rockefeller*, 20-CV-2205 (VSB), 2021 WL 4942802, at *9 (S.D.N.Y., Oct. 21, 2021) (holding that where the employer had no knowledge of prior incidents involving the employer's sexual assault of a minor, his dangerous propensities in this regard were unforeseeable, therefore, the employer could not be liable for negligent hiring or retention); *Lee v. Albarran*, 23-cv-11215 (NSR), 2026 WL 686156, at *9 (S.D.N.Y., Mar. 11, 2026) (holding that where "[t]he [complaint] alleges no prior sexual assault, no attempted assault, no criminal complaint, and no facts suggesting Defendants were aware of conduct approaching rape" the negligent hiring and retention claims would be dismissed in connection with an employee's ultimate "violent sexual assault" because "[a] contrary rule would substantially weaken the notice requirement by treating any allegation of inappropriate behavior as sufficient to make sexual assault foreseeable" and "New York law does not go that far.")

Applying these principles in *Doe v. City of N.Y.*, Judge Scheindlin found that foreseeability was absent for purposes of negligent hiring, retention or supervision. *Doe v. City of N.Y.*, 09-cv-09895(SAS), 2013 WL 796014, at *5 (S.D.N.Y. Mar. 4, 2013), *aff'd* 558 F.App'x 75 (2d Cir. 2014) (unpub., summary order). In *Doe v. City of N.Y.* the employer had received a complaint about the employee's "verbal and physical abuse of an intoxicated woman" and it was claimed this put the employer on notice of the employee's propensity to aid and abet another employee's sexual assault of a woman. *Id.* at *5. Not so, held the court, because "the complaint did not allege rape or sexual assault [by the employee, during the event allegedly constituting notice], nor did it indicate that the victim's sex was relevant to [the employee's] misconduct." *Id.* "As such, it did not put the [employer] on notice of [the employee's] criminal propensity." *Id.*

The same analysis yields the same outcome here; even if Nguyen's behaviors at the school (such as giving the students candy or bringing gifts to their house or holding unauthorized math programs) constituted "misconduct", since none involved any sexual acts, none gave the school notice of the type of conduct in which Nguyen would ultimately engage with Jane and Joan. Consequently, foreseeability is absent and dismissal of the employment-related claims is required. 2013 WL 796014, at *5.

In *Lee*, "[the claimed notice-providing] allegations describe[d] inappropriate and harassing conduct, not prior sexual assault, attempted assault, or comparable violent sexual misconduct." 2026 WL 686156, at *9. The court observed that "[c]ourts consistently distinguish between harassment and violent sexual assault in the foreseeability analysis." *Id.*, citing *Doe v. Alsaud*, 12 F.Supp.3d at 681-83 and *LaFrantz v. St. Mary's Roman Cath. Church,* 2024 WL 216718, *5 (E.D.N.Y. Jan. 19, 2024) (holding that the negligent hiring, retention or supervision claim would be dismissed there where none of the prior complaints about the employee concerned any claim of sexual abuse.) Accordingly, the court dismissed the negligent hiring, retention and supervision claims for lack of foreseeability. *Id.*

*C.Q.* is also instructive for its conclusions with respect to the nature of the employee's prior wrongful acts. 2021 WL 4942802, at *9. In *C.Q.* it was alleged that the employee had "a history of domestic violence and accusations of sexual assault." 2021 WL 4942802 at *3. The conduct at issue was the employee's rape of a minor. *C.Q.,* 2021 WL 4942802 at *2. The District Court held that because "(i) there [was] no indication from the Amended Complaint that the domestic abuse or sexual assault [history] at issue was against children or otherwise 'of the same kind;'" and because "(ii) Plaintiff cite[d] only 'accusations' of sexual assault, which [was] vague" and since "(iii) there [was] no indication that [the employee's] past history was as serious as the sexual

assaults alleged" the employer could not be liable for negligent hiring or retention on the theory that it failed to foresee the employee's wrongful acts. *C.Q.*, 2021 WL 4942802 at *9.

In *C.Q.* it was alleged that before the would-be assailant was hired, the employer "did not obtain any references from him, perform a background check, inquire about his criminal history, or inquire about any history of sexual assault or domestic violence" such that the employer could not be said to have been on notice of any potential wrongful acts. 2021 WL 4942802 at *3. This was another problem for the sustainability of the *C.Q.* complaint – but this is not the aspect of the case that is a problem for the sustainability of the case now before this court. Instead, *C.Q.* is instructive in the import it permits (and those it does not) to be attributed to an employer's knowledge of past conduct. Notably, the employee in *C.Q.* was alleged to have repeated his sexual assault over a period of time and, the plaintiffs claimed that after the initial assault, the employer had enough information to deduce what happened. *Id*. This allegation amounted to notice of the "type" of conduct that would have rendered further sexual assault foreseeable – prompting the court to deny the portion of the employer's motion to dismiss that related to the employee's retention after the first assault. *Id*. By contrast here, there is no claim that the Saint Ann defendants ever came to learn of Nguyen's conduct or were aware of any sexual misconduct involving Nguyen or any allegations even remotely near to the nature of the sexual misconduct at issue in the Complaint.

*The Foreseeability Requirement Here is Narrower than in Ordinary Negligence*

Though certain claims against the *C.Q.* defendant were sustained, those sounding in negligent hiring or supervision were not. 2021 WL 4942802 at *7. Instead, the claims that survived the motion to dismiss in *C.Q.* were all predicated on the defendant's *duty* to the C.Q. plaintiff. Such duty that arose only because the plaintiff in *C.Q.* lived on the defendant's property. In noting that foreseeability existed for purposes of a *negligence* claim but not for purposes of a *negligent*

*hiring* claim, the court specifically observed that "the standard for negligent hiring—that the 'employer knew or should have known of the employee's propensity for the conduct,'—is a separate and more stringent standard than [the defendant's] duty as a landowner to protect against reasonably foreseeable criminal acts." *C.Q.*, 2021 WL 4942802 at *7, quoting *Doe v. Alsaud*, 12 F.Supp.3d at 680 (internal quotation marks omitted). Here, there is no alternative predicate duty that the Saint Ann defendants would have owed to the plaintiffs since Jane and Joan were not students at the school.[4]

The same outcome must follow here as in *C.Q.* since Nguyen's catfishing abuse is not of the same type as the various allegations of his prior wrongful conduct. Certainly, his felony conviction for elder abuse after having stolen money from the elderly people he was caring for does not, and cannot be deemed to, foreshadow any element of the sexual misconduct Nguyen perpetrated against Jane or Joan. No aspect of his prior crimes involved sexual misconduct or minors. Consequently, the prior convictions are insufficient to support the "foreseeability" element.

*Nguyen's Past Crimes and Behaviors Were Not of the Same Type as His Conduct at Issue*

The plaintiffs' attempt to find a blanket category that fits both types of Nguyen's crimes does not overcome the fact that his prior crimes and behaviors were not of the same type as the sexual misconduct perpetrated online against Jane and Joan. Even to the extent that both crimes involved Nguyen "taking advantage of vulnerable people", as described by the Plaintiff (Compl. ¶ 33), this characterization does not negate the reality that the sexual nature of the conduct at issue, and that it was directed against minors, undoubtedly establishes Nguyen's crimes against Jane and

---

[4] Indeed, the plaintiffs appear to be aware of this Achilles' heel in their various theories since they went to the trouble of stating within the complaint their position that "[d]uty is not an element of negligent hiring under New York law." (Compl., fn. 28).

Joan a wholly different "type" than his prior convictions and conduct, as a matter of law for purposes of the negligent employment analysis. *Doe v. Alsaud*, 12 F.Supp.3d at 681-83; *Lee*, 2026 WL 686156, at *9; *C.Q.* , 2021 WL 4942802 at *7. Here, the key markers of Nguyen's conduct towards Jane and Joan were entirely absent previously.

Similarly, the plaintiffs' attempt to establish the possibility of notice of the relevant type based on Nguyen's teaching style fails because, even if Nguyen's conduct involved a failure to observe boundaries, none of the conduct was sexual in nature such that it would have put the school on notice of Nguyen's propensities in this regard. *Doe v. Poly Prep Country Day School*, 20-cv-04718(DGPK), 2022 WL 4586237 (E.D.N.Y., Sept. 29, 2022); *Greenwood v. Am. Kennel Club*, 23-cv-10516(GHW), 2026 WL 1113381, at *11 (S.D.N.Y., Apr. 24, 2026).

*Doe v. Poly Prep* involved a teacher who evidently also failed to observe proper boundaries at the school where he worked. 2022 WL 4586237, at *9. In *Doe v. Poly Prep* the teacher had been accused of having favorite students with whom he cultivated relationships, including by giving them good grades they had not earned. *Id.* The teacher also had a number of odd behaviors, such as teaching while talking to a teddy bear and was apparently shunned by at least one co-worker because of the way he interacted with at least one student. *Id.* These complaints (both alone and collectively) were insufficient to plausibly plead notice of the teacher's propensity for sexual abuse. *Id.*

Similarly, in *Greenwood v. Am. Kennel Club*, the plaintiff's claims that the eventual assailant was known to have been "dangerous," "untrustworthy," and "unethical" were claims were deemed "insufficient" to establish that the employer "knew either that [the assailant] had a propensity to engage in inappropriate sexual conduct or that [the employer] knew that [the assailant] had a propensity to engage in physical assault." 2026 WL 1113381, at *11.

Ultimately, here the difference between Nguyen's alleged prior wrongful acts and those Nguyen committed against Jane and Joan is too great to sustain liability and, instead, necessitates dismissal of the negligent hiring, promotion, supervision and retention claims.

## II.     The Absence of any Nexus between the School and Jane and Joan Also Mandates Dismissal

Plaintiffs argue, in effect, that but for Nguyen's employment at the school and his access to Saint Ann's student directory, Nguyen would not have been able to connect with Jane and Joan on Snapchat. (Comp. ¶¶ 58-62). However, plaintiffs overlook that the "but for" causation is not the measure of potential liability in this context. Instead, courts must, and do, look to whether there is a sufficient "nexus" between the parties. There is not. *Doe v. Hauppauge Union Free School Dist.*, 213 A.D.3d 809 (2d Dep't 2023); *Roe v. Domestic & Foreign Missionary Soc'y of the Prot. Episcopal Church*, 198 A.D.3d 698 (2d Dep't 2021).

In *Doe v. Hauppauge Union Free School Dist.* the plaintiff was a high school student who was assaulted by one of his teachers. 213 A.D.3d at 811. The assault occurred after school hours and at the teacher's home (not on school grounds). *Id.* While there was no dispute that the teacher and the student had originally met at the school, in the minor plaintiff's lawsuit against the school district, the Second Department held that "even assuming that the complaint sufficiently pleaded notice of [the teacher's] propensity for the type of conduct at issue, the plaintiff's own allegations in the complaint, if accepted as true, demonstrated that *there was no nexus between [the teacher's] employment with the district and the subject incident, which were separated by time, place, and the intervening independent acts of [the teacher]*". *Id.* (emphasis added, citation omitted); *Farrell v. Maiello*, 38 A.D.3d 592, 593 (2d Dep't 2007) (same); *R. v. R.*, 37 A.D.3d 577, 579 (2d Dep't 2007) (same). Similarly, in *Roe v. Domestic & Foreign Missionary Soc'y of the Prot. Episcopal Church*, the court dismissed a negligent hiring and retention claim altogether finding that "[e]ven

13

assuming, as we must, that the defendants were negligent in hiring or retaining the alleged attacker, there is simply no nexus between the alleged attacker's employment and the sexual assault" where the abuse occurred far from church premises. 198 A.D.3d at 701.

The same conclusion must be drawn here but with even greater force. As in *Doe v. Hauppauge*, it is alleged that assailant and victim would not have met if the assailant had not taught at the school. This observation, while somewhat reasonable in *Doe v. Hauppauge* because the plaintiff did go to the school and did meet the teacher who would become his assailant at the school, cannot be made here. Jane and Joan were not students at Saint Ann's and did not meet Nguyen at the school or as an employee of the school. Instead, Jane and Joan connected with Nguyen as "HunterKristoff" online, through Snapchat. Even if the initial contact had been made at the school, here, just as the assault in *Doe v. Hauppauge* did not ultimately unfold at the school – even if initial contact had been made there –, so too did Nguyen's conduct occur entirely online, which, for the purposes of this analysis, is the digital, functional equivalent of a teacher's private home, and not "in" school. Further, Nguyen's acts are even more evidently "intervening" and "independent" than the acts of the assailant in *Doe v. Hauppauge*.

Therefore, this court must conclude that there is not a sufficient nexus between the challenged acts of the Saint Ann's Defendants and the harm that befell Jane and Joan.

## III.    The Individually Named Saint Ann Defendants Lack Individual Liability

The plaintiffs' claims for negligent hiring, promotion, supervision and retention cannot be maintained against individual defendants Vincent Tompkins, Kenyatte Reid, Melissa Kantor or Maureen Yusuf-Morales because the "employer-employee" relationship is the very premise of these theories of liability – and none of the Individual Defendants were Nguyen's employer. *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (holding that "[t]o state a claim for

negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship [and other elements]"), citing *D'Amico v. Christie,* 71 N.Y.2d 76, 78 (1987).

The Individual Defendants are, or were at the relevant time, employees of Saint Ann's School– like Nguyen. Given the absence of the necessary employer-employee relationship, the negligent hiring, retention, training, supervision and promotion claims against Vincent Tompkins, Kenyatte Reid, Melissa Kantor and Maureen Yusuf-Morales must be dismissed. *Stapon v. Riverhead Cent. Sch. Dist*., 19-cv-4708 (WFK)(LGD), 2025 WL 2938604 (E.D.N.Y., September 15, 2021) (dismissing claims of negligent hiring, retention and supervision against individual school officials because the "[p]laintiff cannot establish an employer-employee relationship between [the assailant] and the Individual Defendants"); *Patterson v. Xerox Corp*., 732 F.Supp.2d 181, 194 (W.D.N.Y. 2010) (dismissing the negligent hiring, retention and supervision claims asserted against the individual defendant supervisor because he was not the employer), citing *Banks v. Yokemick*, 177 F.Supp.2d 239, 264 (S.D.N.Y. 2001) (holding that a claim for negligent hiring and training "would not be applicable to the individual defendants.")

## IV. The Negligent Entrustment Claim is Not Viable

In the context of this case, the "negligent entrustment" claim is conceptually equivalent to what would be a "lesser included tort" of the negligent hiring claim – if such a thing existed under New York law. This cause of action merely amplifies the final element of a negligent hiring claim (use of the employer's location or chattel) and, for the reasons explained below, must be dismissed. If this court were inclined to entertain the claim, dismissal on its merits would have to follow.

Foreseeability is an element of this claim in the same way it is for a negligent hiring claim. *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 237 (2001), *op. after certified question*

*answered*, 264 F.3d 21 (2d Cir. 2001) (holding that "without the requisite knowledge, the tort of negligent entrustment does not lie.") Here, for all the reasons already laid out, the Saint Ann defendants did not have reason to think that Nguyen would engage in any sexually improper behavior, much less catfishing of children for sexually explicit photographs. Given the absence of foreseeability, the negligent entrustment claim must be dismissed. See also *Finkel v. Dauber*, 29 Misc. 3d 325, 330 (Marber, R., J.S.C., N.Y. Sup. Ct., Nassau Co., July 22, 2010) (holding, in a case involving claims of parents' negligent entrustment of devices to teenagers who misused them, that "[t]o declare a computer a dangerous instrument in the hands of teenagers in an age of ubiquitous computer ownership would create an exception [to the rule against parental liability absent a foreseeable, particular danger] that would engulf the rule against parental liability.")

Additionally, the negligent entrustment claim cannot survive on the facts alleged with respect to the use of the school's chattel. The plaintiffs' claim is that Nguyen used the school's materials, including the student directory and the school computers to "launch his online sex spree." (Compl. ¶ 58). It is through his network of Snapchat contacts that Plaintiffs claim that Nguyen was able to connect with Joan and Jane. (Compl. ¶¶ 58-59, 135-145). Therefore, on its face, the plaintiffs' claim is ultimately *not* that Nguyen solicited or published the materials he solicited from Jane and Joan on school property, but rather that, absent the school's provision of the tools necessary for his employment, Nguyen would not have began the misconduct and that the alleged conduct against Jane and Joan would not have occurred. Such indirect theories of misuse are insufficient to support a negligent entrustment claim. *Haybeck v. Prodigy Services Co.*, 944 F.Supp. 326, 327 (S.D.N.Y., 1996).

In *Haybeck* the employee's role was to interact with customers in online chat rooms using the employer's computers. 944 F.Supp. at 327. The *Haybeck* employee went on to meet the

customers in person and had consensual sex with them. *Id.* While the initial encounters were consensual, the employee did not advise his partners that he was HIV-positive, a tort under New York law. 944 F.Supp. 326. When the employer was sued, (then) Judge Sotomayor concluded that the tort (that is, the failure to disclose HIV status) was not committed with the employer's chattels – even if the chattels were used as a gateway towards the ultimate tort. *Id.* Because this was so, the negligent entrustment claim was dismissed. *Id.*

The same conclusion must follow here. Even if it were true that Nguyen used the school directory to add Saint Ann's students to his Snapchat, Jane and Joan were not Saint Ann's students nor is there any allegation that Nguyen used the school computers to communicate with Joan or Jane on Snapchat or to receive or distribute the images he solicited from them. Consequently, as in *Haybeck*, the ultimate wrongful conduct of which the plaintiffs complain was not done using the school's chattels and the school can face no liability for negligent entrustment.

## V. The Negligent Infliction of Emotional Distress Claim is Not Viable

New York allows two theories of recovery for negligent infliction of emotional distress: (1) the "bystander theory" or (2) the "direct duty theory." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). The former involves situations where a plaintiff is in close physical proximity to a family member who is injured, witnesses the injury and suffers emotional damages as a result. *Id.* The "direct duty" theory allows recovery for an emotional injury from a defendant's breach of a duty that unreasonably endangered plaintiff's own physical safety. *Id*. This case does not fall under either theory.

Jane and Joan were not and are not alleged to have been students at Saint Ann's School. (Compl. ¶ 62). Instead, they happened to live in Brooklyn and had social circles that extended into the Saint Ann's School student population. (Compl. ¶ 19-20). There is nothing to distinguish Saint

Ann's School's relationship to Jane and Joan (in that there wasn't one) from the school's relationship with any other child that did not attend the school but happened to reside in or around Brooklyn. This fact is fatal to the plaintiffs' negligent infliction of emotional distress claim, because under the "direct duty" theory of negligent infliction of emotional distress, "[t]he duty … must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996), citing *Johnson v. Jamaica Hosp.,* 62 N.Y.2d 523, 526–27 (1984) (holding that "[t]he law demands that the equation be balanced; that the damaged plaintiff be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to [them].") Because the Saint Ann defendants owe no duty to the plaintiffs, their negligent infliction of emotional distress claim must be dismissed. *Id.*

## VI. Most of the Plaintiffs' Causes of Action as to the Saint Ann's Defendants are Duplicative

"A claim is duplicative where it arises from the same operative facts, alleges the same breach, and seeks the same damages as another cause of action." *Lee*, 2026 WL 686156, at *9; *C.Q.*, 2021 WL 4942802 at *7, citing *Mitchell v. Am. Arb. Ass'n*, 17-cv-8566 (PAE), 2018 WL 10419732, at *3 (S.D.N.Y., May 17, 2018) (dismissing duplicative claim based on same conduct and injury) and *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, 18-cv-1961 (ARR), 2019 WL 5399973, at *7 (E.D.N.Y. Sept. 10, 2019). Here, if this court were not inclined to dismiss the plaintiffs' claims for the reasons already stated, some clean-up among the causes of action must be had because the plaintiffs' various claims against the Saint Ann defendants are duplicative.

*The Negligent Employment Claims Repeat*

The plaintiffs' sixth cause of action for negligent hiring and promotion and their seventh cause of action for negligent supervision and retention are all recitations of the same claim, all of which turn on the (absence of) foreseeability. *Lee*, 2026 WL 686156, at *9; *C.Q.*, 2021 WL

4942802 at *7. In each of these causes of action, the plaintiffs claim that Saint Ann's School should not have employed Nguyen because his conduct as to Jane and Joan was foreseeable. However, plaintiffs' allegation that the Saint Ann defendants had multiple decision-points when they could (and in the plaintiffs' theory should) have determined that Nguyen cannot work at the school, does not warrant separating these causes of action. Consider this; in a medical malpractice case a single cause of action under that label can, and usually does, cover multiple alleged departures. Here too, the same approach is the sounder one.

It is, of course, the Saint Ann Defendants' position that none of these theories are sustainable, for the reasons laid out throughout. That said, consolidating these causes of action would not deprive the plaintiff from pursuing each of the theories they think meritorious.

*The Negligent Entrustment Claim is Redundant*

In no event must this court permit a "negligent entrustment" claim to proceed as a separate cause of action. Here, the plaintiffs' claim of "negligent entrustment" concerns the school providing to Nguyen the tools necessary to perform his job. These chattels are alleged to have included computers and other electronics, access to student directories and various software as well as keys to the school building. (Compl. ¶ 135). The plaintiffs allege that Nguyen used these tools to facilitate his catfishing scheme and that Saint Ann's wrongfully entrusted these tools to him because the school should have known that the tools could be misused and were foreseeably likely" to be misused by Nguyen. (Compl. ¶¶ 140, 143). If this sounds familiar, that is because this entire claim is an element of the existing negligent hiring and retention claims: "negligent hiring and negligent retention or supervision claims under New York law [require] … (3) that the tort was committed on the employer's premises or *with the employer's chattels*." *Doe v. Alsaud*, 12 F.Supp.3d at 680.

19

Plaintiffs, in the same manner and for the same reasons that they believe Nguyen should not have worked at the school, argue that Nguyen should not have been given the tools for his job. These claims are thus duplicative, warranting dismissal of the negligent entrustment claim.

*The Negligent Infliction of Emotional Distress Claim is Also Superfluous*

If not dismissed on the merits, the negligent infliction of emotional distress claim must also be dismissed as duplicative of the plaintiffs' other causes of action. Notably, the improper duplication between negligent hiring and negligent infliction of emotional distress claims is common in claims of this type – and dismissal of the latter is universal. See, e.g., *PC-41 Doe v. Poly Prep Country Day School*, 590 F. Supp. 3d at 571-572 (holding that "courts have dismissed [negligent infliction of emotional distress] and premises liability claims relating to sexual assault as duplicative of negligence and negligent hiring, retention, and supervision claims when confronted with similar allegations outside of the CVA context") (collecting citations); *Lawrence K. v. Westchester Day Sch.*, 196 A.D.3d 637, 638 (2d Dep't 2021) (holding that "the court properly directed the dismissal of that [negligent infliction of emotional distress] cause of action as duplicative since it arose from the same facts as the negligent supervision and negligent retention causes of action and does not allege distinct damages."); *C.Q.*, 2021 WL 4942802, at *4 (dismissing the negligent infliction of emotional distress claim as duplicative).

## VII.    The Parent Plaintiffs' Individual Claims Must be Dismissed

The complaint is somewhat vague as to plaintiffs' formulation in this issue, but it leaves room for the possibility that the plaintiffs contemplate recovery for Judy Doe and John Roe's own damages, as well as those suffered by Jane and Joan. For instance, Jane and Joan are not clearly identified as plaintiffs. In fact, the caption identifies the parents as suing "individually" and as parents of the minor rather than on behalf of. To the extent that the parent-plaintiffs seek such recovery, these aspects of the complaint must be dismissed because there is no theory of law that

would entitle them to recovery. *JG & PG ex rel. JGIII v. Card*, 08-cv-5668 (KMW), 2009 WL 2986640, at *11 (S.D.N.Y., Sept. 17, 2009) (holding that, in a case involving allegations of abuse directed at the minor-plaintiffs by their school, "[t]he Plaintiff–Parents have no claim" because [the] Plaintiff–Parents were owed no direct duty.")

We note that Jane and Joan are alleged to have been 13-years-old at the time of the conduct at issue occurred between 2020 and 2024, meaning they are close to turning 18. (Compl. ¶ 7). Once Jane and Joan reach the age of maturity (which, by our calculations may occur while this motion is pending decision), the caption of the case will have to be amended to identify only the (currently still) minor-plaintiffs as "plaintiffs" in the case.[5] Once that is done, the plaintiff-parents are expected to have no further role in the case at which point the Saint Ann Defendants expect they would be removed from the caption entirely.

## VIII.    The Punitive Damages Claims are Unsustainable

Gross negligence (such as would trigger an award of punitive damages) requires breach of a legal duty and conduct that is of such an "aggravated character" that it "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998).

Here, although obfuscated by plenty of inflammatory rhetoric, the reality is that the claim against the Saint Ann defendants arises from their alleged failure to discover that Nguyen was a danger to Jane and Joan. As is explained above, even considering only the plaintiffs' own version of events, it cannot be established that the Saint Ann defendants could have foreseen the danger based on Nguyen's prior conduct alone. The absence of foreseeability puts the Saint Ann

---

[5] Given the nature of the claims, it is the Saint Ann defendants' expectation that the minor-plaintiffs will continue in the case under pseudonyms, even after they reach maturity.

defendants' alleged wrongdoing in the right perspective: liability is alleged for the sheer failure to have the kind of foresight that would have signaled an otherwise unforeseeable turn of events. This omission is not negligence – and it certainly lacks any indicia of grossly negligent conduct. *Redd v. Brooklyn Friends School*, 238 A.D.3d 1181, 1185 (2d Dep't 2025) (holding that, in a case involving claims of negligent hiring and retention of a teacher in a CVA case, the punitive damages claim would be dismissed because "[p]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" which the claims did not entail) (citations omitted).

<u>**CONCLUSION**</u>

For the reasons set forth above, this Court must dismiss each cause of action as inadequately pled or, in the alternative, must direct that the plaintiff consolidate any remaining causes of action as sounding in "negligent hiring and retention."

Dated: White Plains, New York
June 1, 2026

Respectfully submitted,

CHARTWELL LAW

_____

By:   Carmen A. Nicolaou, Esq.
Haylei P. Peart, Esq.
*Attorneys for Defendants*
*Vincent Tompkins, Kenyatte Reid,*
*Melissa Kantor, Maureen Yusuf-Morales*
*and Saint Ann's School*
140 Grand Street, Suite 900
White Plains, New York 10601
Tel.: (914) 421-7777
Fax: (212) 968-2400
File No.: 17154.170
cnicolaou@chartwelllaw.com
hpeart@chartwelllaw.com

TO:     All parties via Electronic Mail
        PACER (once fully briefed)