UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

------------------------------------------------------------------- X

JUDY DOE,  
    individually and as parent and guardian of her  
    daughter, JANE DOE, and  
JOHN ROE,  
    individually and as parent and guardian of his  
    daughter, JOAN ROE,  

                    Plaintiffs,

- against -

WINSTON NGUYEN;  
SAINT ANN'S SCHOOL;  
VINCENT TOMPKINS, KENYATTE REID,  
MELISSA KANTOR, and  
MAUREEN YUSUF-MORALES  
    in their individual capacities and in their  
    capacities as officers of Saint Ann's School.

                    Defendants.

------------------------------------------------------------------- X

Docket No.  
26-cv-00507 (OEM)(SDE)

---

Reply Memorandum of Law in Support of the Saint Ann Defendants'  
Rule 12(b)(6) Motion to Dismiss the Complaint

---

Respectfully Submitted,

By:    CHARTWELL LAW  
       Carmen A. Nicolaou, Esq.  
       Haylei P. Peart, Esq.  
       *Attorneys for Defendants*  
       *Vincent Tompkins, Kenyatte Reid,*  
       *Melissa Kantor, Maureen Yusuf-Morales*  
       *and Saint Ann's School*  
       140 Grand Street, Suite 900  
       White Plains, New York 10601  
       Tel.: (914) 421-7777  
       Fax: (212) 968-2400  
       File No.: 17154.170  
       cnicolaou@chartwelllaw.com  
       hpeart@chartwelllaw.com

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ON REPLY ...................................................................................................... 1

I. The Range of Foreseeable Conduct in Negligent Hiring is Narrow ...................... 1

Nguyen's Prior Acts and those at Issue are Different in Kind, Not Degree ........... 1

The Penal Law does not Mirror the Relevant Foreseeability Test......................... 3

II. The Absence of a Nexus Requires Dismissal ....................................................... 4

III. The Negligent Infliction of Emotional Distress Claim is not Viable..................... 5

IV. The Individual Defendants are not Liable ............................................................ 6

V. The Negligent Entrustment Claim Must be Dismissed.......................................... 8

VI. The Remaining Negligence Causes of Action are also Duplicative ...................... 9

VII. The Parent Plaintiffs' Individual Claims must be Dismissed ................................ 9

VIII. The Punitive Damages Claims are Unsustainable ................................................. 9

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adorno v. Correctional Services Corp.*,
312 F. Supp. 2d 505 (S.D.N.Y. 2004)................................................................................2

*Brown v. New York Design Center, Inc.*,
215 A.D.3d 1 (1st Dep't 2023) ..........................................................................................6

*C.Q. v. Estate of Rockefeller*,
20-CV-2205 (VSB), 2021 WL 4942802 (S.D.N.Y. Oct. 21, 2021) ..........................................1

*CK Real Estate, LLC v. 2018 Li Lin Realty, LLC*,
2026 WL 1884077 (2d Dep't 2026)..................................................................................10

*Curley v. AMR Corp.*,
153 F.3d 5 (2d Cir. 1998)................................................................................................10

*D'Amico v. Christie*,
71 N.Y.2d 76 (1987) ........................................................................................................7

*Dana v. Oak Park Marina*,
230 A.D.2d 204 (4th Dep't 1997)......................................................................................5

*Doe v. Alsaud*,
12 F.Supp.3d 674 (S.D.N.Y 2014) .....................................................................................8

*Doe v. Hauppauge Union Free School Dist.*,
213 A.D.3d 809 (2d Dep't 2023)......................................................................................4

*Duncan v. Black Veterans for Social Justice, Inc.*,
218 A.D.3d 442 (2d Dep't 2023)......................................................................................6

*Earsing v. Nelson*,
212 A.D.2d 66 (4th Dep't 1995).......................................................................................8

*Fat Brands Inc. v. Ramjeet*,
75 F.4th 118 (2d Cir. 2023) .........................................................................................7, 8

*Fischer v. Maloney*,
43 N.Y.2d 553 (1978) ......................................................................................................6

*Franco-Lopez v. Molina*,
25-CV-00702, 2026 WL 734181 (E.D.N.Y. Mar. 16, 2026)..................................................6

*Gonzalez v. City of New York*,
133 A.D.3d 65 (1st Dep't 2015) ......................................................................................9

*Graham v. Jones*,
147 A.D.3d 1369 (4th Dep't 2017)...................................................................................8

*Greenwood v. Am. Kennel Club*,
1:23-cv-10516-GHW, 2026 WL 1113381 (S.D.N.Y. Apr. 24, 2026) .....................................3

*Hamilton v. Beretta U.S.A. Corp.*,
96 N.Y.2d 222 (2001) .....................................................................................................9

*Ho v. Pierpont Reserves Ltd.*,
18-cv-9940 (DAB) (SN), 2020 WL 1644008 (S.D.N.Y. Apr. 2, 2020) ...............................5

*Johnson v. Jamaica Hosp.*,
62 N.Y.2d 523 (1984) .....................................................................................................5

*Lee v. Albarran*,
23-cv-11215 (NSR), 2026 WL 686156 (S.D.N.Y. Mar. 11, 2026) ...............................1, 3, 4

*Levin v. Sarah Lawrence Coll.*,
747 F. Supp. 3d 645 (S.D.N.Y. 2024)...............................................................................4

*Mortise v. United States*,
102 F.3d 693 (2d Cir. 1996)............................................................................................5

*PC-41 Doe v. Poly Prep Country Day School*,
590 F.Supp.3d 551 (E.D.N.Y. 2021) .............................................................................3, 8

*Purdy v. Public Administrator of County of Westchester*,
72 N.Y.2d 1 (1988) .........................................................................................................7

*Schultz v. Weatherhunters, Inc.*,
1:24-cv-02852-ALC, 2025 WL 2781344 (S.D.N.Y. Sept. 30, 2025)................................7, 8

*Shatz v. Kutshers Country Club*,
247 A.D.2d 375 (2d Dep't 1998) .....................................................................................4

*Sheehan v. New York*,
40 N.Y.2d 496 (1976) .....................................................................................................4

*Waterbury v. N.Y.C. Ballet, Inc.*,
205 A.D.3d 154 (1st Dep't 2022) .....................................................................................2

*Wickland v. City of New York*,
22-CV-1554 (RA), 2024 WL 4355046 (S.D.N.Y. Sept. 30, 2024) .......................................9

**Statutes**

New York Education Law § 1126 ..............................................................................5

New York Education Law § 1128 ..............................................................................5

New York General Business Law 395-b .....................................................................5

New York Penal Law § 260.10...................................................................................4

New York Penal Law § 260.25...................................................................................4

**Rules**

FRCP 8(d)(2) .............................................................................................................9

Rule 17(c)...................................................................................................................9

## PRELIMINARY STATEMENT

Plaintiffs misapprehend each of the relevant legal principles and, in doing so, attempt to portray Saint Ann's as embodying an elitism wholly foreign to its culture and unsupported by the record. That characterization is particularly misplaced given that plaintiffs themselves have chosen to enroll Jane and Joan in another private school of comparable stature. Whatever the source of that portrayal, it has no bearing on the legal issues before the Court. This reply therefore addresses plaintiffs' errors of law. Plaintiffs' broader characterizations require no further response.

## ARGUMENT ON REPLY

### The Range of Foreseeable Conduct in Negligent Hiring is Narrow

I. *Nguyen's Prior Acts and those at Issue are Different in Kind, Not Degree*

The plaintiffs' charge notwithstanding (Opp. at 8), the defendants know the difference between "similar" and "identical" conduct and have never argued that only the latter supports foreseeability.[1] What the cases make evident, however, is that the difference between the conduct that Saint Ann's knew Nguyen had displayed and the behavior at issue here are not sufficiently alike to permit a finding of foreseeability. The issue turns on whether the known prior conduct is sufficient to provide notice of the employee's propensity for *that type of harm*. *C.Q. v. Estate of Rockefeller*, 20-CV-2205 (VSB), 2021 WL 4942802, at *9 (S.D.N.Y. Oct. 21, 2021) (holding that even "a history of domestic violence and accusations of sexual assault" did not render foreseeable the employee's sexual assault of a minor where there was "no indication" the prior history "was against children or otherwise 'of the same kind'"); *Lee v. Albarran*, 23-cv-11215 (NSR), 2026 WL 686156, at *9 (S.D.N.Y. Mar. 11, 2026) (dismissing the negligent hiring and retention claims where there had been no prior allegation "approaching rape.")

---

[1] Despite the plaintiffs' (presumably feigned) inability to comprehend (Opp. at 8, N.3), the foreseeability element of a negligent hiring claim is narrower than foreseeability in ordinary negligence. It "is a separate and more stringent standard than [a] duty … to protect against reasonably foreseeable criminal acts." *C.Q.,* 2021 WL 4942802, at *9.

1

Here, the requisite similarity is absent. Nguyen's prior conduct involved conning his elderly employers out of money. (Compl. ¶ 28). His conduct with Jane and Joan involved creating an online alter ego, using it to pose as a teenage boy and soliciting, then disseminating, sexually explicit images of them. (Compl. ¶¶ 59-63). For the latter conduct, he was convicted of a "sexually motivated felony" involving "use of a child in a sexual performance." (Compl. ¶ 5). By contrast, his earlier schemes were done in-person, aimed at adults and for money – not sexual gratification. The bridge between a financial grifter and a pedophile is one too far for the foreseeability element of a negligent hiring claim.

The cases cited by the plaintiffs are off the mark because they involve escalating conduct rather than new behavior. In *Waterbury v. N.Y.C. Ballet, Inc.*, 205 A.D.3d 154 (1st Dep't 2022), a ballet dancer had a history of improper "sexual conduct towards young women" that included "aggressively pursu[ing] young women and denigrat[ing] them in text messages." *Id.* at 161. This dancer went on to disseminate images of the young woman plaintiff. *Id.* That is, the offender's ultimate conduct used (a) the same digital modality, (b) with the same aim of denigration and (c) against the same type of victim. This, held the First Department, was foreseeable. *Id.*; see also *Adorno v. Correctional Services Corp.*, 312 F. Supp. 2d 505, 520 (S.D.N.Y. 2004) (finding foreseeability for purposes of a negligent retention claim where a guard at a jail had been "harassing [an inmate] and putting his hands on [her]" then went on to sexually assault her).

Ramped up conduct of the same type is foreseeable. But Nguyen's misconduct with the teenage plaintiffs involved a different method for a different aim, against a different kind of victim and resulting in drastically different harm than what he had done before. Foreseeability is absent under these circumstances. See, *e.g., Lee,* 2026 WL 686156, at *9.

Further, the plaintiffs' conclusory hyperbole notwithstanding, even accepting all the facts alleged, Nguyen never engaged in sexual acts at the school – thus it is only in hindsight that anyone can state that Nguyen's behavior at the school was "grooming" that aligns with his greater schemes.[2] But the markers to foresee what occurred were absent in real-time.

The plaintiffs miss the point of cases such as *Doe v. Poly Prep Country Day School*, 20-cv-04718 (DGPK), 2022 WL 4586237, at *9 (E.D.N.Y. Sept. 29, 2022) (improper but not sexual acts of a teacher were insufficient to support the notice element of the teacher's propensity for sexual abuse) and *Greenwood v. Am. Kennel Club*, 1:23-cv-10516-GHW, 2026 WL 1113381, at *11 (S.D.N.Y. Apr. 24, 2026) (allegations not involving sexual conduct are insufficient to establish notice of a propensity for sexual misconduct or physical assault). Even if the ultimate conduct at issue in *Poly Prep* and *Greenwood* was physical sexual assault, those cases stand for the proposition that non-sexual oddities, unorthodox teaching dynamics, vague "dangerousness" and trustworthiness concerns do not amount to "notice" of sexually motivated exploitation in a negligent retention case. Here, just as the schools in *Poly Prep* and *Greenwood*, there was no notice of anything other than unorthodox teaching dynamics and boundary issues that, while troubling, did not hint at the sexually motivated wrongs Nguyen would commit.

*The Penal Law does not Mirror the Relevant Foreseeability Test*

Even if it were true, as the plaintiffs intimate, that similarly worded penal law sections govern Nguyen's prior and current conduct, this does not inform the analysis. In fact, the Penal Law's deliberately broad wording that covers all manners of physical, mental and moral injury, in both §260.25 (relating to abuse of the disabled) and §260.10 (relating to minors), is precisely the opposite impulse as what drives courts' formulation of the foreseeability test in negligent hiring.

---

[2] In fact, Nguyen's conduct at issue is only alleged to have occurred through his online alter ego, Hunter Kristoff. That persona was not known (and could not have been foreseen) by the school.

For the latter, the concern is that a broad test "would substantially weaken the notice requirement by treating any allegation of inappropriate behavior as sufficient to make sexual assault foreseeable." *Lee*, 2026 WL 686156, at *9. But "New York law does not go that far." *Id.*

**II.** **The Absence of a Nexus Requires Dismissal**

The plaintiffs err when they claim that the nexus requirement is of the defendants' "invention". (Opp. at 12). To the contrary, "but for" causation has never been sufficient to warrant liability. In all areas of law, New York courts recognize that "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes." *Shatz v. Kutshers Country Club*, 247 A.D.2d 375, 375 (2d Dep't 1998), quoting *Sheehan v. New York*, 40 N.Y.2d 496, 503 (1976); see also *Doe v. Hauppauge Union Free School Dist.*, 213 A.D.3d 809, 811 (2d Dep't 2023) (holding that absent a "sufficient nexus" a school is not liable for the wrongdoing of its teacher). Notably, it is no retort to the applicability of *Doe* (and the rest of the cases cited along with it in the main brief at 13) that Nguyen is alleged to have been physically on the premises of the school when he engaged in some of the conduct at issue. Nguyen was *online* when these acts occurred, not in the physical space of the school, interacting there with others and visible to the school. His online presence places him (and especially his online alter ego!) in an entirely different space than the school. He may just as well have been, as the teacher in *Doe* was, physically at a different address. See *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 668 (S.D.N.Y. 2024) (where the tortfeasor resided on the school's campus and allegedly committed acts of "manipulation [and] grooming", the ultimate sexual abuse against the students of the school "was not foreseeable during [the tortfeasor's] residence on the [school] campus" and the "negligence claims against [the school] cannot be said to arise from injuries caused by [the tortfeasor's] conduct after leaving the [school] campus").

Therefore, this court must conclude that there is not a sufficient nexus between Nguyen's employment with Saint Ann's and the harm he caused to Jane and Joan.

**The Negligent Infliction of Emotional Distress Claim is not Viable**

Under the direct duty theory of an NIED claim, "[t]he duty … must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996), citing *Johnson v. Jamaica* Hosp., 62 N.Y.2d 523, 526–27 (1984). NIED is not a stop gap where the law clearly has set boundaries on the scope of an entity's duty to the world. *Mortise*, 102 F.3d at 696. Here the Saint Ann defendants owe no duty to the plaintiffs and no NIED claim can stand.

The plaintiffs intimate a violation of the Education Law (opp. at 19-20). But there had been none; when the photos were first disseminated, it was not known that Nguyen was behind the online persona that had shared them. As such, the school's reporting obligation was not triggered.

The plaintiffs also misstate the law in asserting that the mandatory-reporting obligation under the New York Education Law §§ 1126, 1128 can be a basis for an NIED claim. No court has ever held that. The plaintiffs' attempt to make such law relies on a case that is inapposite. *Ho v. Pierpont Reserves Ltd.*, 18-cv-9940 (DAB) (SN), 2020 WL 1644008 (S.D.N.Y. Apr. 2, 2020).

*Ho* and the cases it follows deal specifically and exclusively with New York General Business Law 395-b (which prohibits hidden cameras and two-way mirrors in a business' private spaces) starting with *Dana v. Oak Park Marina*, 230 A.D.2d 204 (4th Dep't 1997). GBL 395-b compels business owners to eliminate known hidden cameras in private areas of their premises. The statute is premised on business owners' control and ability to *prevent* the harm at issue. The mandatory reporting statute has a different goal; it contemplates giving the state the ability to investigate possible harm and intervene, if warranted. Because the reporter lacks the ability to

directly intervene to prevent harm, the statute is not an appropriate premise for a direct duty. *Duncan v. Black Veterans for Social Justice, Inc.*, 218 A.D.3d 442, 443 (2d Dep't 2023) (holding that "[g]enerally, a defendant has no duty to control the conduct of third persons so as to prevent them from harming others" but that "[a] duty may arise… where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others.") (Citations omitted). Notably here, to the extent that the school's ability to control Nguyen is at issue, that theory sounds in "negligent hiring and retention" not NIED.

Similarly, this is not a case involving "special circumstances" such as in *Brown v. New York Design Center, Inc.*, 215 A.D.3d 1 (1st Dep't 2023) where the landowner failed to eliminate a peephole through which a third-party then took photographs. The *Brown* landowner had the ability to control the circumstances that led to the injury because it knew enough to know what was happening. The school did not. And any claim that it did, sounds in negligent hiring and retention and not NIED. *Franco-Lopez v. Molina*, 25-CV-00702, 2026 WL 734181 (E.D.N.Y. Mar. 16, 2026) (holding that "[t]he New York Court of Appeals has strongly cautioned against allowing emotional distress claims to be brought where other tort remedies are available" and dismissing the plaintiffs' NIED claim where it overlapped with the underlying tort claims), citing *Fischer v. Maloney*, 43 N.Y.2d 553 (1978).

**IV.**

**The Individual Defendants are not Liable**

The "employer-employee" relationship is the premise of the claims against the Individual Defendants – and none of the Individual Defendants were Nguyen's employer. On this issue too the plaintiffs fail (or feign) to grasp the nuances of the law when they cite *Schultz v.*

*Weatherhunters, Inc.,* 1:24-cv-02852-ALC, 2025 WL 2781344 (S.D.N.Y. Sept. 30, 2025) for the proposition that individuals with a high degree of control can be named in these suits. But *Schultz* is a progeny of *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118 (2d Cir. 2023) and *Fat Brands* does not stand for this proposition. To the contrary, in *Fat Brands*, the Second Circuit deliberately sidestepped the issue of whether New York law recognizes a cause of action against an individual with a high degree of control. *Fat Brands* did address the four New York cases that conceivably support such a rule. Only two of those cases are binding on this court (the other two are state trial court cases). Review of the precedent cases shows that this court need not (indeed, must not) follow the plaintiffs' lead on this issue. *Purdy v. Public Administrator of County of Westchester*, 72 N.Y.2d 1 (1988); *D'Amico v. Christie*, 71 N.Y.2d 76 (1987).

To start, the two precedent cases do not even involve negligent hiring, retention or supervision claims. *Purdy* is one of many New York cases concerning the scope of a medical provider's duty in preventing a patient from causing injury to third-parties. *D'Amico v. Christie*, 71 N.Y.2d 76 (1987) involved the scope of an employer's duty to prevent employees from driving drunk after work and injuring third-parties. In both cases, the Court of Appeals found that there was no duty to exercise the control that the individual defendants unquestionably had to prevent the injuries. Thus, these cases do not provide support for the proposition an individual with a high degree of control has a duty to exercise that control in a manner that protects the public from harm, despite the court in *Schultz* evidently believing the contrary. 2025 WL 2781344, at *12 (stating that "the Second Circuit has made clear that for a claim of negligent supervision to proceed in a case outside of the employee-employer context, a plaintiff must include allegations supporting the inference that the defendants exercised a high degree of control over the principal tortfeasors.")

7

Second, even *Schultz* noted the portion of *Fat Brands* that holds that where the "[c]omplaint fails to allege an employer-employee relationship between [the individual defendant] and [the tortfeasor]… [t]his failure alone means that dismissal of th[e] claim is proper." *Schultz*, 2025 WL 2781344, at \*12, citing *Fat Brands,* 75 F.4th at 131.

*PC-41 Doe v. Poly Prep Country Day School*, 590 F.Supp.3d 551, 567 (E.D.N.Y. 2021) is the only case plaintiffs cite that pre-dates *Fat Brands* but the individual defendants there did not raise the argument that they themselves were not the employers (challenging instead the sufficiency of the notice allegations). Consequently, the court did not address the issue raised here. The resulting decision thus provides no support whatsoever to the plaintiffs' position.

**The Negligent Entrustment Claim Must be Dismissed**

V.      The plaintiffs do not overcome that their negligent entrustment claim is part of their negligent hiring claim, which makes them duplicative. *Doe v. Alsaud,* 12 F.Supp.3d 674, 681 (S.D.N.Y 2014) (negligent hiring and retention requires that "the tort was committed on the employer's premises or with the employer's chattels.") It is true, as the plaintiffs learned, that there are negligent entrustment cases that do not involve negligent hiring – in those cases negligent entrustment stands alone. See, *e.g.*, *Graham v. Jones*, 147 A.D.3d 1369 (4th Dep't 2017) (involving a car rental); *Earsing v. Nelson*, 212 A.D.2d 66 (4th Dep't 1995) (involving a gun sale). But here, since there is a negligent hiring claim, the claims are duplicative.

On the facts, working at a school now requires access to computers and networks and student data. Providing these to Nguyen was thus part and parcel of employing him. These are therefore not unique elements. On the law, the claims turn on foreseeability and (at least in the context of this case) do not have any unique elements. *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 237 (2001) (holding that negligent entrustment is "based on the degree of knowledge the

supplier has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion" and that "without the requisite knowledge, the tort does not lie"); *Gonzalez v. City of New York*, 133 A.D.3d 65, 68 (1st Dep't 2015) (holding that since the "negligent retention and supervision" claims are "similar to if not indistinguishable from" the "negligent entrustment" of a dangerous instrumentality, "[t]he duty analysis should be the same.")

In any event, negligent entrustment is subject to the same foreseeability analysis as negligent hiring and, since foreseeability is absent, both claims must be dismissed on the merits.

**The Remaining Negligence Causes of Action are also Duplicative**

**VI.** The plaintiffs vaguely reference but fail to identify what "decision-points" or other facts support their otherwise variable causes of action[3]. (Opp. at 14-15). There are no such facts. Therefore, this court must dismiss as duplicative the various tort claims, including NIED and retention, promotion, supervision and hiring. If the court were to sustain any of these, at most the claim could only be for "negligent hiring and retention."

**VII.**

**The Parent Plaintiffs' Individual Claims must be Dismissed**

While Rule 17(c) permits a parent or guardian to sue on behalf of a minor, the rule does not permit a parent to recover for their own damages. Therefore, to the extent that the complaint seeks **VIII**recovery "individually" for the parents of Jane and Joan[4], those claims must be dismissed.

**The Punitive Damages Claims are Unsustainable**

Even in the plaintiffs' formulation, the school's conduct does not "smack of intentional wrongdoing" and there are insufficient factual allegations (since pure rhetoric is no substitute for

---

[3] It is true the plaintiffs could have plead in the alternative – but they didn't. They make no otherwise inconsistent allegations such that depending on what turns out to be true, only one or the other implicated claim would survive – which is how pleading in the alternative works. FRCP 8(d)(2); *Wickland v. City of New York*, 22-CV-1554 (RA), 2024 WL 4355046 (S.D.N.Y. Sept. 30, 2024) (where claims are "duplicative" rather than "inconsistent," plaintiff cannot use them as substitutes for available traditional tort theories).

[4] The plaintiffs rightly concede, and have stipulated, that since Joan is now 18, she must be substituted as the named plaintiff.

these) for a finding of any "reckless disregard for the rights of others" such as could support a claim for punitive damages. *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998); see also *CK Real Estate, LLC v. 2018 Li Lin Realty, LLC*, 2026 WL 1884077 (2d Dep't 2026) (dismissing the claim for punitive damages where the plaintiff made conclusory allegations). Whatever misjudgment the school may have had about Nguyen does not warrant punitive damages. *Id.*

## CONCLUSION

For these reasons, this court must dismiss each cause of action as inadequate or, in the alternative, must consolidate any remaining theories under "negligent hiring and retention."

Dated: White Plains, New York
July 24, 2026

Respectfully submitted,

CHARTWELL LAW

By: Carmen A. Nicolaou, Esq.
Haylei P. Peart, Esq.
*Attorneys for Defendants*
*Vincent Tompkins, Kenyatte Reid,*
*Melissa Kantor, Maureen Yusuf-Morales*
*and Saint Ann's School*
140 Grand Street, Suite 900
White Plains, New York 10601
Tel.: (914) 421-7777
Fax: (212) 968-2400
File No.: 17154.170
cnicolaou@chartwelllaw.com
hpeart@chartwelllaw.com

TO:    All Parties via PACER